UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE SILVER and MONTE SILVER, LTD, an Israel corporation,<br><br>*Plaintiffs,*<br>vs.<br><br>INTERNAL REVENUE SERVICE; UNITED STATES DEPARTMENT OF THE TREASURY; CHARLES RETTIG, in his official capacity as Commissioner of Internal Revenue; and STEVEN MNUCHIN, in his official capacity as United States Secretary of the Treasury,<br><br>*Defendants* | Case No. 1:19-cv-00247-APM<br><br>Judge Amit P. Mehta |

PLAINTIFFS' MOTION TO COMPEL AND FOR OTHER RELIEF

This is a case seeking review of an agency regulation under the procedure for judicial review of agency action based upon an administrative record under Local Rule 7(n). The Court's order of January 9, 2020, contemplates that the case will move promptly toward motions for summary judgment based upon the Court's review of the administrative record— an approach in which plaintiffs heartily concur.

Unfortunately, plaintiffs' and the Court's efforts to resolve this case have been stymied by defendants' delays and foot-dragging in producing the administrative record. Nine months ago, Plaintiffs served a single Rule 34 document request seeking production of the administrative record. (Exhibit A).[1] Defendants refused to produce the record at that time,

---

[1] The documents referenced in this motion are contained in an appendix.

1

ostensibly because the administrative record was not required for consideration of defendant's motion to dismiss. (Exhibits B-C). When required by Local Rule 7(n)(1) to file a certified list of the contents of the administrative record with their motion to dismiss, defendants made a less than bare-bones submission, describing large portions of the administrative record with vague terms like "Comments," "Articles," and "Outlines for Hearing." (Exhibit D). Following denial of the motion to dismiss, plaintiffs again inquired regarding production of the administrative record. (Exhibit E). Defendants again refused to produce the administrative record, contending that production was not required until after the FRCP 16 meeting of counsel and that they need not discuss a schedule for producing the administrative record until the parties address a schedule for briefing summary judgment motions. (Exhibit F). Just last week, defendants refused to respond to defendant's inquiry regarding the size of the administrative record (*e.g.,* a file folder, a banker's box, or a file cabinet) or the earliest date that defendants could produce the administrative record even in part. (Exhibit G). Simply stated, defendants' position is that they do not intend to produce any portion of the record until some unspecified future date—after it has been collected in full and counsel have reviewed its contents in their entirety.

Several points are clear. First, this case was filed over one year ago. Second, the administrative record has been in defendants' exclusive possession all along. Third, defendant has been dilatory in producing the record. Fourth, plaintiffs' efforts to prepare their case on the merits have been stymied by defendants continuing delays in producing the administrative record. Fifth, plaintiffs have been (and will continue to be) prejudiced by defendant's delaying tactics. Most emphatically, left to their own devices, defendants will use their exclusive

possession of the administrative record to thwart plaintiffs' efforts to present this case for a decision on the merits.

Plaintiffs believe that the administrative record should have been produced long ago and that it is now regrettably necessary for the Court to intervene. Accordingly, plaintiffs urge the Court to issue an order—(1) compelling defendants to produce the administrative record within 21 days of the order granting the motion, and (2) precluding defendants from relying upon any portion of the administrative record not produced before that date in any briefing on the merits of this case.

A proposed order is attached.

DATED: February 3, 2020

                                              Respectfully submitted,

                                              /s/  Stuart J. Bassin
                                              STUART J. BASSIN
                                              The Bassin Law Firm PLLC
                                              1629 K Street, NW, Suite 300
                                              Washington, DC  20006
                                              202/895-0969
                                              sjb@bassinlawfirm.com