**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SILVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-247-APM |
| ) | |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

The Defendants respond to the allegations in each paragraph of the First Amended Complaint as follows:

1. Defendants admit that the Treasury issued regulations interpreting provisions of the Tax Cut and Jobs Act, that the regulations concerning Internal Revenue Code section 965 were published in final form on February 5, 2019 in the Federal Register at 84 Fed. Reg. 1838 after an early release on the agency website on January 15, 2019, and deny all other allegations in paragraph 1.

2. Defendants admit that Monte Silver is a United States citizen and that he is a member of the State Bar of California, but lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 4.

5. Defendants deny that Limited and Silver qualify as small entities under 5 U.S.C. § 601, et seq., the Regulatory Flexibility Act. Defendants aver that 15 U.S.C. § 601 is a repealed statute dealing with reconstruction finance authority. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

11. Recognizing that the Court denied the Defendants' motion to dismiss, the Defendants respectfully disagree with the Court's conclusions and deny the allegations in paragraph 11 concerning jurisdiction over this action. Separately, Defendants deny the allegation that there have been violations of the APA, PRA or RFA.

12. Defendants admit that if this Court had jurisdiction over this action, then venue would be proper in this Court.

13. Defendants admit the allegations in paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 14.

15. Defendants admit that the Tax Cut and Jobs Act created the GILTI regime and revised Internal Revenue Code section 965 to address a "transition tax" obligation related to the accumulated post-1986 deferred foreign income of "controlled foreign corporations," and that Code section 962 addresses a tax-related "election" that qualifying taxpayers may make, and deny the other allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants admit that Code section 965 employs and defines terms and concepts such as "deferred foreign income corporation," "accumulated post-1986 deferred foreign income," "8 percent rate equivalent percentage," "aggregate foreign cash position," "15.5 percent rate equivalent percentage," and "Specified Foreign Corporation," and deny the other allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants admit the statements in footnote 4 concerning "S" corporations being subject to a special tax regime, having a limited number of shareholders, and generally not paying corporate income tax, and deny the remainder of the allegations of footnote 4 and the remainder of paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 20.

21. Defendants admit that the IRS announced that if an individual's net tax liability under section 965 in the individual's 2017 taxable year was less than $1 million, the individual made a timely election under section 965(h), and the individual did not pay the full amount of the first installment by the due date under section 965(h)(2), the IRS would not assess an addition to tax for failure to timely pay the first installment and would not accelerate subsequent installments under section 965(h)(3) so long as the individual paid the full amount of the first installment (and its second installment) by the due date for its 2018 return (determined without regard to extensions). Defendants deny all other allegations in paragraph 21.

22. Defendants admit the allegations in the first sentence of paragraph 22. Defendants admit that the advance copy of the Notice of Proposed Rulemaking was

approximately 248 pages, aver that the format printed in the Federal Register was approximately 62 pages, and deny the other allegations in the second and third sentences of paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants admit the allegation in paragraph 24 as no initial regulatory flexibility analysis was required.

25. Defendants admit the Notice of Proposed Rulemaking stated, in part, that the proposed regulations would "not impose a collection of information on small entities," and that "[t]he ownership of sufficient stock in specified foreign corporations in order to constitute a United States shareholder generally entails significant resources and investment, such that businesses that are United States shareholders are generally not small businesses." Defendants deny the remainder of the allegations in paragraph 25.

26. Defendants admit the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants admit the allegations in paragraph 28.

29. Defendants admit that the Notice of Propose Rulemaking set forth the figures alleged in paragraph 29 as the estimated number of respondents to engage in the collection of information in the Proposed Regulations and the estimated average annual burden hours for each respondent, but deny the remainder of the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants admit that compliance with the Administrative Procedure Act was not addressed under a separate heading, but deny the remainder of the allegations in paragraph 31.

32. Defendants admit that for a period of time after the Notice of Proposed Rulemaking was issued, Silver repeatedly sent emails to Treasury and IRS officials detailing

alleged violations of the RFA, PRA and numerous executive orders, and deny all other allegations in this paragraph.

33. Defendants admit the allegations in paragraph 33, but deny the correctness of Silver's comments submitted during the comment period.

34. Defendants admit that a significant number of comments, largely identical, were received describing the alleged burden of section 965 and that such comments constitute more than half of the comments received in response to the Notice of Proposed Rulemaking, but Defendants deny the correctness of the comments, and lack knowledge or information sufficient to form a belief as to whether such comments were submitted by small business owners.

35. Defendants admit that correspondence was received throughout 2018 describing the alleged burden of section 965 on individuals, but Defendants lack knowledge or information sufficient to determine whether such correspondence was submitted by small business owners or whether the statements contained in the comments were correct.

36. Defendants deny that Treasury Decision 9846 ("TD 9846") is significantly longer and more detailed than the Notice of Proposed Rulemaking. Defendants admit the other allegations in paragraph 36.

37. Defendants deny that the preamble to TD 9846 is "lengthy," and deny that TD 9846 and the Notice of Proposed Rulemaking are "massive." Defendants admit the other allegations in paragraph 37.

38. Defendants admit that footnote 8 accurately quotes portions of 5 U.S.C. § 604(a), and deny the other allegations in paragraph 38.

39. Defendants admit the allegations in paragraph 39.

5

40. Defendants admit the allegations in paragraph 40, and note that the selected quotations are part of the overall statement included in TD 9846 regarding compliance with the Regulatory Flexibility Act.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny that the Final Regulations impose collection of information obligations on Plaintiffs and admit the remaining allegations in paragraph 42.

43. Defendants admit the allegations in paragraph 43, except deny that requirements of the Paperwork Reduction Act apply "particularly with respect to small entities."

44. Defendants admit the allegations in paragraph 44.

54.[1] Defendants admit the allegations in paragraph 54, but deny that a collection of information obligation is imposed on Plaintiffs.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants admit the allegations in the first sentence of paragraph 57, but deny any implication that the information described in the first sentence of paragraph 57 was required to be contained in TD 9846 or that the Final Regulations impose a collection of information obligation on Plaintiffs. Defendants admit that Silver is an individual, but lack knowledge or information sufficient to form a belief about the remaining allegations in the second sentence of paragraph 57.

---

[1] For ease of comparison, Defendants' Answer follows the paragraph-numbering structure of the First Amended Complaint.

58. Defendants admit that certain of the collection of information obligations could extend beyond three years, but deny that this obligation applied to Plaintiffs. Defendants deny the remaining allegations in paragraph 58.

59. Defendants admit that compliance with the Administrative Procedure Act was not addressed under a separate heading, but deny the remainder of the allegations in paragraph 59.

60. Defendants repeat their foregoing responses to the allegations of the First Amended Complaint.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants admit that, as part of a September 2016 Government Accountability Office ("GAO") report entitled "Regulatory Guidance Processes: Treasury and OMB Need to Reevaluate Long-standing Exemptions of Tax Regulations and Guidance," the Treasury agreed with GAO's recommendation that the Director of the Office of Management and Budget and the Secretary of the Treasury "[e]xamine the relevance of the long-standing agreement that exempts certain IRS regulations from executive order requirements and [Office of Information and Regulatory Affairs] oversight." Defendants deny the remaining allegations in paragraph 65.

66. Defendants admit that the Regulatory Flexibility Act, at 5 U.S.C. § 611(a)(1), states: "For any rule subject to this chapter, a small entity that is adversely affected or aggrieved by final agency action is entitled to judicial review of agency compliance with the requirements of sections 601, 604, 605(b), 608(b), and 610 in accordance with chapter 7. Agency compliance

with sections 607 and 609(a) shall be judicially reviewable in connection with judicial review of section 604." Defendants deny any remaining allegations in paragraph 66.

67. Defendants admit that the Regulatory Flexibility Act, at 5 U.S.C. § 611(a)(4), states:

> In granting any relief in an action under this section, the court shall order the agency to take corrective action consistent with this chapter and chapter 7, including, but not limited to—
>
> (A) remanding the rule to the agency, and
>
> (B) deferring the enforcement of the rule against small entities unless the court finds that continued enforcement of the rule is in the public interest.

Defendants also admit that the Regulatory Flexibility Act, at 5 U.S.C. § 611(a)(5), states: "Nothing in this subsection shall be construed to limit the authority of any court to stay the effective date of any rule or provision thereof under any other provision of law or to grant any other relief in addition to the requirements of this section." Defendants deny any remaining allegations in paragraph 67.

68. Defendants repeat their foregoing responses to the allegations of the First Amended Complaint.

69. Defendants deny the allegations in paragraph 69.

70. Defendants are mindful of the Court's ruling on the Defendants' Motion to Dismiss, but respectfully disagree with the Court's conclusion as to the availability of other adequate remedies and preserve that issue by denying the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

## **AFFIRMATIVE DEFENSES**

Defendants preserve the defense that neither Monte Silver nor Limited is a "small entity" within the Regulatory Flexibility Act that can make a claim as provided for in that statute.

Defendants assert that this Court lacks jurisdiction to review any alleged violation of the Paperwork Reduction Act.

Defendants assert that the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act bar this suit.

Defendants assert that Plaintiffs lack standing because they do not allege a cognizable injury and, even if they did, the only relief they seek will not redress the past injury they claim, that is, the one-time burden of calculating a one-time transition tax liability.

Defendants assert that there is no ground for declaratory and injunctive relief, because any alleged injury sustained by Plaintiffs will not and cannot recur in the future.

WHEREFORE, having answered the allegations of the First Amended Complaint, the Unites States respectfully prays as follows:

A. That the Court deny the relief sought in the First Amended Complaint and dismiss this action with prejudice;

B. That the Court award the United States its reasonable attorney's fees and costs incurred in defending this action; and

C. For such other relief as the Court deems to be just and proper.

DATED: February 7, 2020          RICHARD E. ZUCKERMAN
                                 Principal Deputy Assistant Attorney General


                                 */s/ Nishant Kumar*
                                 JOSEPH A. SERGI (D.C. Bar No. 480837)
                                 Senior Litigation Counsel
                                 LAURA M. CONNER (VA Bar No. 40388)
                                 NISHANT KUMAR (D.C. Bar No. 1019053)
                                 Trial Attorneys
                                 Tax Division
                                 U.S. Department of Justice
                                 Post Office Box 227
                                 Washington, DC 20044
                                 Tel: (202) 514-2986
                                 Fax: (202) 514-6866
                                 Nishant.kumar@usdoj.gov
                                 Joseph.a.sergi@usdoj.gov
                                 Laura.m.conner@usdoj.gov