IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTE SILVER and MONTE SILVER, )
LTD., an Israeli corporation, )
                                                                  )
                 Plaintiffs, )    CASE NO. 1:19-cv-247-APM
   vs. )
                                                               )
INTERNAL REVENUE SERVICE; )
UNITED STATES DEPARTMENT OF )
THE TREASURY; CHARLES RETTIG, in )
his official capacity as Commissioner of )
Internal Revenue; and STEVEN MNUCHIN, )
in his official capacity as United States )
Secretary of the Treasury, )
                                                               )
               Defendants )

PLAINTIFFS' MOTION TO COMPLETE THE
ADMINISTRATIVE RECORD AND FOR OTHER
APPROPRIATE RELIEF

Plaintiffs in this case seek judicial review under the Administrative Procedure Act and the Regulatory Flexibility Act of regulations issued by the defendants.  Issues have arisen regarding the completeness of the "administrative record" submitted by defendants on April 2, 2020.  ("Defendants' April 2 Submission," DKT #38, including pages designated ADMIN 00001-03891).   In this motion, plaintiffs seek an order (1) authorizing inclusion of certain documents

1

(designated MS ADMIN 0086-0138)[1] to the administrative record under review in this case, and (2) precluding defendants from relying upon documents not included in Defendants' April 2 Submission in defense of the challenged regulations.

Plaintiffs raised these concerns in several conversations with defendant's counsel earlier this month and in a letter dated April 7, 2020. Exhibit A. Defendants' response to those concerns, which stated that "we see no need to supplement the record," was provided through a letter dated April 20, 2020. Exhibit B.

## Completion of the Record

This motion arises out of plaintiffs' discovery that Defendants' April 2 Submission was far from complete. Specifically, plaintiffs have identified the following three groups of documents which were before the agency during the rulemaking process but which were not included in Defendant's April 2 Submission--

    1)    E-mail exchanges between Mr. Silver on the one hand, and several senior officials of Defendants on the other hand, mostly involving Assistant Secretary of the Treasury Lafayette "Chip" Harter, and Daniel McCall, IRS Deputy Associate Chief Counsel (International)—two of the principal government decisionmakers involved in development of the challenged regulations. Those documents are designated MS_ADMIN 0086-0122 and MS_ADMIN 0129-0135. In these e-mails, Mr. Silver raised his concerns regarding the agencies' failure to comply with the Regulatory Flexibility Act and Paperwork Reduction Act. In one reply, Assistant Secretary Harter stated that

---

[1] The parties have separately resolved prior questions regarding pages previously designated MS Admin 0001-0085.

2

the Regulatory Flexibility Act "did not apply" to the challenged regulations. MS ADMIN 0097.[2]

2)   Defendants' April 2 Submission does not include many e-mails sent by other small businesspeople to senior government officials like Mr. Harter and Internal Revenue Service Chief Counsel William Paul.[3] These emails addressed the severe impact that the transition tax regulations would have on small businesses, and their plea for relief from Defendants. References to those emails are show on pages MS ADMIN 0136-0138.

3)   Defendants' April 2 Submission does not include any reference to the August 27, 2018 FOIA request submitted by Mr. Silver seeking any factual documentation related to the agencies' compliance with the RFA or the agencies' October 5, 2018 response to the request. The response identified 1104 pages of responsive documents but only provided short, heavily redacted portions of three internal emails. These documents are designated MS ADMIN 0122-0128.

Plaintiffs move to complete the administrative record with these documents.

The law favors an inclusive approach to the content of an administrative record. Judicial review of agency action "is to be based on the full administrative record that was before the

---

[2]   Defendants' April 20 letter noted that eight pages of Mr. Silver's e-mails were included in Defendants' April 2 Submission as attachments to the Mr. Silver's formal comments. That is of little consequence because defendants implicitly acknowledge that the other 36 pages of the e-mails are not included in Defendants' April 2 Submission.

[3]   Defendants admit receiving these communications throughout 2018. See Defendants' answer paragraph 35.

Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971).  Applying this principle, the D.C. Circuit ruled that a trial court committed error when it did not consider a briefing book presented to the EPA administrator during the decision-making process.  *National Resources Defense Council v. Train*, 519 F.2d 287, 291-92 (1975).  More recently, this court summarized the legal principles stating that--

> That record "properly consists of the materials before the agency and no more nor less," which "includes all materials [the agency] directly or indirectly relied on to make all decisions, not just final decisions."   "It is black-letter administrative law that in an [Administrative Procedure Act] case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision." "As part of the record, the Court may consider any document that might have influenced the agency's decision and not merely those documents the agency expressly relied on in reaching its final determination"  Indeed, to be complete, the record must include "all materials that 'might have influenced the agency's decision,' and not merely those on which the agency relied in its final decision."

*Organic Trade Association v. United States Department of Agriculture*, Civil Action No. 2017-1875 (D.D.C. August 13, 2019) (citations omitted).  An earlier case similarly explained—

> "The `whole' administrative record ... consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." "Allowing administrative agencies to preclude judicial access to materials relied upon by an agency in taking whatever action is then being subject to judicial scrutiny would make a mockery of judicial review."

*Stainback v. Secretary of the Navy*, 520 F.Supp. 2d 181 (D.D.C 2007) (citations omitted).

In sum, the documents identified in the preceding paragraphs were undeniably considered by the agency during its development of the challenged regulations and should be added to the administrative record.

Defendants cannot contend that the documents identified in this motion were

not considered by the agency; the e-mails were either received or sent by senior agency decisionmakers involved in developing the challenged regulations.  Likewise, defendants' efforts to exclude these documents from the administrative record because the agency did not receive the e-mails through its preferred method, as suggested by the letter attached as Exhibit B, is contrary to the cited law.  In addition, defendants' attempt to characterize the emails as not "sufficiently substantive" to merit inclusion in the administrative record and their exclusion of the FOIA response as shedding "little light on the issues" have no basis in law.  Finally, the strained interpretations of e-mails from Mr. Silver and plaintiffs' counsel referenced in defendant's letter are factually and legally incorrect.

### Other Appropriate Relief

These omissions from defendant's filing raise two further concerns regarding the completeness of the record compiled by the agency and filed by defendants.  First, the record filed by defendants contains almost no e-mail received or generated by any government employee involved in the decision-making process. Yet, the documents submitted by plaintiffs demonstrate that at least two principal agency decision-makers employed e-mail to communicate regarding the challenged regulations outside of any privileged relationship.  Almost surely, these officials did not employ e-mail to communicate with Mr. Silver, but refrained from e-mail for communications with their colleagues and representatives of the many prominent groups which also submitted comments.   Plaintiffs and the Court can only conclude that defendants have either deliberately or negligently failed to collect and submit a substantial quantity of email

5

either sent or received by agency decision-makers concerning development of the challenged regulations.

Second, the Internal Revenue Service's response to the FOIA request acknowledges that the agency had withheld more than 1000 pages of documents related to the Treasury Secretary's certification that the regulations would not have a significant economic effect upon a substantial number of small businesses—one of the central issues in this litigation.  Neither the October 5, 2018 response to the FOIA request nor Defendant's April 2, 2020 Submission contain a privilege log or any description of any documents withheld by the agencies.   In essence, defendants ask plaintiffs and this court to believe that either (1) the agencies did not engage in any privileged deliberations regarding the challenged regulations, or (2) the agencies are entitled to make unreviewable determinations concerning matters of privilege without offering any information regarding the quantity of documents withheld or their contents.  While courts will often defer to agencies on issues of privilege because of a presumption of administrative regularity, that presumption evaporates where, as here, the evidence demonstrates that the agency has not been diligent in compiling the administrative record.  See *Oceana Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019); *National Resources Defense Council v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975).

The issue, then, is remedy.  This case is over fifteen months old and plaintiffs have repeatedly sought production of the administrative record during that period, only to discover that the record finally provided by defendants is seriously deficient.  Further, based upon review of Defendant's April 2 Submission, plaintiffs have concluded that

defendants will be unable to defend the challenged regulations unless defendants somehow "discover" and rely upon previously-undisclosed documents to support their position.  Given this conclusion, plaintiffs have concluded that their interest in proceeding to a prompt resolution of this case on the merits on the agreed upon briefing schedule significantly outweighs their interest in exposing the facts underlying defendant's conduct.  Therefore, in this motion, plaintiffs seek only (i) to add the documents identified by plaintiffs to the administrative record, and (ii) preclude defendants from relying on any documents not included in Defendant's April 2, 2020 Submission.  No further order compelling discovery or awarding sanctions is required.

WHEREFORE, plaintiffs urge the Court issue an order (1) completing the administrative record with addition of the pages designated as MS ADMIN 0086-0138, and (2) precluding defendants from relying upon documents not included in Defendant's April 2 Submission during briefing on the merits of this case.

DATED:  April 22, 2020

        Respectfully submitted,

        /s/  Stuart J. Bassin
        STUART J. BASSIN
        The Bassin Law Firm PLLC
        1629 K Street, NW, Suite 300
        Washington, DC  20006
        202/895-0969
        sjb@bassinlawfirm.com