

**U.S. Department of Justice**

**Tax Division**

Please reply to:   Civil Trial Section, Eastern Region
P.O. Box 227
Washington, D.C. 20044
Telephone No. 202-305-0868
Fax No. 202-514-6866

REZ:DSM:JSergi
DJ 5-16-5069
CMN: 2019100522

April 20, 2020

VIA EMAIL

Stuart J. Bassin
The Bassin Law Firm
Suite 300
1629 K Street, NW
Washington, DC 20006
sjb@bassinlawfirm.com

       Re:   *Monte Silver, et al. v. I.R.S., et al.*
               Case No. 19-cv-247      (D.D.C.)

Dear Stu:

      The purpose of this letter is to respond to your letter dated April 7, 2020 related to supplementing the administrative record in the above-reference case.  As described more fully below, we see no need to supplement the record.  First, and as explained in our April 10, 2020 email, in our initial examination of the 85 comments you allege are missing, we were able to locate the first 45 and therefore are waiting for you to verify any specific comments that you still believe are missing. Second, we see no reason to include Mr. Silver's email correspondence with the Treasury as the substance of those emails was included in his official comments and he specifically requested that his emails not be included in the record at the time the comment period closed.  Third, your speculation about whether other people might have submitted comments by email does not call into question the presumption of regularity in the creation of the administrative record.  Fourth, the pages you identify as a FOIA response appear to shed little light on the issues under judicial review in this action.  Finally, applicable law does not require us to prepare a privilege log to identify documents that are not included in the administrative record.

      We first address the 85 pages of public comments that you said you were unable to locate in your search of the filed record.  As we noted in our email to you on April 10, we began a review of the comments you identified and found in the filed record the first 45 comments you

alleged were missing.  We did so through the table of contents that we filed with the administrative record.  For comments that were filed anonymously, we pointed out that sometimes it was necessary to look at several comments to find the specific ones you identified, but that all the anonymous comments are identified by date in the table of contents, and it is fairly easy to find them that way.  In light of our finds, we asked you to take another look for the items you could not find in your initial search to verify whether they truly were missing.  We appreciate your response by email on April 10 that we may set aside this issue for now, but our offer stands to take a look at a revised list of any comments you still believe are missing, should you wish to revisit the issue.

Second, we previously mentioned in our April 10th email, in response to your paragraph one ("a collection of emails exchanged between Mr. Silver and Assistant Secretary Harter (MSADMIN 86-122)), that we had found that several of those emails are in the filed record as Mr. Silver attached them as exhibits to the official comments he submitted to the IRS. Mr. Silver's entire comments appear at ADMIN_002459-2492, and the attached emails appear at ADMIN_002471, 2479-80 and 2486-88.  In response, you pointed out that not all of his emails were included as exhibits.  As a result, we followed up with the Service and discovered that the Service had attempted to include Mr. Silver's substantive emails sent during the comment period with the public comments submitted on www.regulations.gov, so that the emails would have been part of the record. Mr. Silver, however, asked the Service not to include his email material in the public record.  Specifically, Mr. Silver sent an email on September 12, 2018, to Regina Johnson at the Service asking, "Can you pls [sic] have the five documents listed as supporting documents on the www.regulations.gov site removed? I provided Treasury/IRS these docs in emails, not as a comment."[1]  Under the circumstances, it seems inappropriate to switch course and include any additional emails from Mr. Silver in the administrative record now.

In any event, it appears that the substance of the emails you have identified are included in Mr. Silver's official comments (which are part of the filed record), even if they are not included in email format.  In particular, the text from the following pages that you ask to be added to the record already appears in Mr. Silver's public comments, in their original or a slightly modified format: MSADMIN 87, 92, 94-99, and 106-107. Additionally, the arguments on pages MSADMIN 101-104 were updated and modified in Mr. Silver's official comments but are nonetheless present.  The remaining emails submitted during the comment period consist of threats, logistical comments and transmittals. In addition, there are several emails dated after the close of the comment period that reiterate prior arguments that Mr. Silver already had included in his public comments, cite third party sources and threaten congressional actions and lawsuits.  As a result, we agree with Mr. Silver's September 12, 2018 conclusion that these additional emails should not form part of the record.  Again, given that many of these emails were initially excluded at Mr. Silver's request, it seems inappropriate to include them in the administrative record now.  This is especially true since it is clear that Mr. Silver did not view his emails as comments regardless of the date they were submitted – unless they were the emails that

---

[1] Mr. Silver made a similar request on August 21, 2018 to Daniel McCall, who informed Mr. Silver that an earlier email would be included in www.regulations.gov.  Mr. Silver wrote, "As to posting my comment, pls [sic] do not. I have not yet completed the review of the proposed regs to see what the scope of the comment is and am presently pre-occupied with other things. I will definitely draft and post a comment asap."

Mr. Silver specifically chose at the time to attach to his public comments, and those emails already are included in the administrative record.

Third, you suggest that the emails Mr. Silver sent to Treasury officials indicate that it is likely that other people also chose to communicate their views about the proposed regulation to Treasury officials through email. We cannot agree with the validity of your conclusion, given that the notice of proposed rulemaking at issue directed the public to submit any comments by any of three methods, none of which included email or any email addresses of Treasury officials. The notice of proposed rulemaking directed the public to deliver written comments: (1) by mail to a post office box address; (2) in person at a given physical address; or (3) electronically through the Federal eRulemaking Portal at www.regulations.gov. It is not likely that anyone wishing to submit a comment would have tried to do so in another manner. In any event, you have presented no circumstances that call into question the presumption of regularity in the assembly of the administrative record. Indeed, the circumstances of Mr. Silver's email communications show that the practice of the Service was to add emails that they deemed to be of sufficiently substantive content to the official comments. The fact that some of Mr. Silver's emails were "missing" from the record is because he asked for them to be excluded after the Service initially tried to include them.

Fourth, the pages you identify as a FOIA response appear to shed little light on the issues you have raised for judicial review in this action. We do not see how the content of those pages would help answer the question whether the Service properly followed the procedural requirements of the Regulatory Flexibility Act when it certified that the final regulations will not have a significant economic impact on a substantial number of small entities. Likewise, we do not see how the content of those pages would help determine whether any procedural requirements of the Paperwork Reduction Act were met.[2]

In any event, should you wish to rely on any of those pages (or any other pages you have identified) in your brief and thus still wish them to be included in the administrative record, we suggest you follow the procedures we contemplated at the time we prepared our proposed scheduling order. As you may recall, we emailed you our suggested edits to your initial draft of the scheduling order on February 26, 2020. In that email, we agreed that you should have the opportunity, after reviewing the filed record, to point out any materials that you believed were inadvertently omitted. We noted that we would be happy to review any such materials before your initial brief is due (as we have done). But to the extent we do not agree that additional materials should be added, we noted that we would not object to you attaching those materials to your opening brief, and then the parties could address in their briefs whether those materials should properly be considered part of the administrative record. We took your emailed response, "[m]akes sense all around," to include approval of that suggested process. It still seems that the best way to judge whether your additional materials should be included in the record is in the context of our substantive arguments. If the parties do not rely on any additional materials in their briefs, then there is no need to supplement the record. And if they do, the context of the substantive arguments likely will illuminate the discussion of whether the additional materials

---

[2] As you know, we contend that judicial review is not available under the Paperwork Reduction Act, but we acknowledge that it is an issue you intend to raise.

should be part of the administrative record to aid the Court in determining the legal issues before it.

Finally, applicable law does not require us to prepare a privilege log to identify documents that are not part of the administrative record. You have asked us to prepare a privilege log to identify documents withheld from disclosure in the above-mentioned FOIA response, noting that they were withheld based on the deliberative process privilege. But privileged documents are not part of the record on review, and we are not required to produce a privilege log for them. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("[T]he District Court did not abuse its discretion by declining to require that the Fisheries Service include on a privilege log those documents that the agency excluded from the administrative record because they were deemed predecisional and deliberative. The District Court correctly observed that predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record.") (internal citations and quotation marks omitted); *see also Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 122 (D.D.C. 2014) ("In this Circuit, requests for privilege logs of documents that may have been withheld from an administrative record on grounds of privilege or deliberative process are routinely denied.") (collecting cases). You have given no reason that would support deviation from that principle, which is well-settled in the D.C. Circuit.

In any event, the IRS asserted the basis for the privilege in its response to the FOIA request, the basis of which was the deliberative-process privilege and 26 U.S.C. § 6103. There is no reason to make those documents part of the administrative record.

Please let us know should you wish to discuss any of these issues further. We hope that the information we have provided above will help us resolve these issues.

Sincerely,

*/s/ Joseph A Sergi*
JOSEPH A. SERGI
Senior Litigation Counsel
