UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTE SILVER and MONTE SILVER, LTD, an Israel corporation, | Case No.  1:19-cv-00247-APM |
| *Plaintiffs,* vs. | |
| INTERNAL REVENUE SERVICE; UNITED STATES DEPARTMENT OF THE TREASURY; CHARLES RETTIG, in his official capacity as Commissioner of Internal Revenue; and STEVEN MNUCHIN, in his official capacity as United States Secretary of the Treasury, | Judge Amit P. Mehta |
| *Defendants* | |

# PLAINTIFFS' ADDITIONS TO THE ADMINISTRATIVE RECORD

Pages MS_ ADMIN 0001-0085 are reserved

 Gmail                                    **Monte Silver <americansabroadfortaxfairness@gmail.com>**

---

## Repatriation tax and GILTI petitions - 42 additional signed petitions
1 message

**Monte Silver <MonteS@ems-legal.com>**                                    Fri, Mar 9, 2018 at 4:52 PM
To: "lafayettechip.harter@treasury.gov" <lafayettechip.harter@treasury.gov>, "david.kautter@treasury.gov"
<david.kautter@treasury.gov>, "william.m.paul@irscounsel.treas.gov" <william.m.paul@irscounsel.treas.gov>,
"arlene.preston@irscounsel.treas.gov" <arlene.preston@irscounsel.treas.gov>, "Leni.c.perkins@irscounsel.treas.gov"
<Leni.c.perkins@irscounsel.treas.gov>, "Barbara.angus@mail.house.gov" <Barbara.angus@mail.house.gov>,
"aaron.junge@mail.house.gov" <aaron.junge@mail.house.gov>, "Kara.getz@mail.house.gov"
<Kara.getz@mail.house.gov>, "Notice.comments@irscounsel.treas.gov" <Notice.comments@irscounsel.treas.gov>,
"americansabroadfortaxfairness@gmail.com" <americansabroadfortaxfairness@gmail.com>

Dear Mr. Kautter, Mr. Harter, Mr. Paul, Ms. Perkins, Ms. Angus, Ms. Getz and Mr. Junge:

I attach 42 more signed petitions.  And we have yet to even begin. As to the America-Israel of
Chamber, see attached.  We launched a subcommittee on the subject and within 3 days, the
heads of the US tax departments of BDO, EY, Deloitte, KMPG Israel and many others joined.  In
attached, also see email from Oded, Amcham CEO who is taking this to Amcham global.  And of
course, the people from the Israeli branches of the big accounting firms will sign up their local
clients and export the movement to their firms outside Israel.  The same is happening, locally
and globally with the Republicans Overseas and Democrats Overseas, American Citizens
Abroad, and AARO


So in the days and weeks ahead, you will see many more petitions come in, plus formal letters
from the above organizations.  This movement will be a Tsunami.

What are we seeking?  As the petition says, that the Treasury/IRS issue:

1.  An immediate notice stating that for Americans Abroad, the first payment under IRC 965 is
due October, 2018.
2.  After that, a notice in line with the IRC 911/Individual proposal set forth in the petition

I will be in Washington DC March 19-20 and would be happy to meet with the relevant people
to explain the real crisis Americans abroad are experiencing.

Yours, Monte



Monte Silver, Adv. (California & Israel)

Senior Counsel


https://www.linkedin.com/in/AmericanTaxSolutions/

MS_ADMIN 0086

**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום שני 04 יוני 2018 17:32 |
| **To:** | LafayetteChip.Harter@treasury.gov |
| **Subject:** | RE: Status of signature by Secretary Mnuchin  on fix for expats |

Great news, Chip

Here:, on the FAQ site?
www.irs.gov/newsroom/questions-and-answers-about-reporting-related-to-section-965-on-2017-tax-returns


www.linkedin.com/in/americantaxsolutions

Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax:  +972-9-9603798
Mob: +972-544-232-683
email :  ms@silvercolaw.com

**From:** LafayetteChip.Harter@treasury.gov <LafayetteChip.Harter@treasury.gov>
**Sent:** יום04 יוני2018 17:16
**To:** Monte @ Silver Law <ms@silvercolaw.com>
**Subject:** RE: Status of signature by Secretary Mnuchin on fix for expats

The Secretary signed off this morning.  It will be coming out today.  Log onto the IRS website in a couple of hours.

Chip

**From:** Monte @ Silver Law <ms@silvercolaw.com>
**Sent:** Monday, June 4, 2018 1:14 AM
**To:** Harter, Chip <LafayetteChip.Harter@treasury.gov>
**Cc:** Kautter, David <David.Kautter@treasury.gov>
**Subject:** RE: Status of signature by Secretary Mnuchin on fix for expats
**Importance:** High


Hi Chip

Its Monday now.  I understand that the Secretary was in Canada and has other things on his agenda.

But for almost a million Americans abroad  - including those with CFC interests and their family members -  we are getting very close to the wire.

You and your team side have tons of work into this. Now lets bring things to a close.  I ask that a full court press be implemented to may sure it is signed today.  I will be doing the same on my end.

1

MS_ADMIN 0087

Thx Monte


https://hyperlink.services.treasury.gov/agency.do?origin=www.linkedin.com/in/americantaxsolutions

Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax: +972-9-9603798
Mob: +972-544-232-683
email:  ms@silvercolaw.com

**From:** Monte @ Silver Law
**Sent:** Friday, June 1, 2018 2:43 PM
**To:** LafayetteChip.Harter@treasury.gov
**Subject:** Status of signature

Hi Chip

Is there anything that can be done to avoid having to wait till sometime next week for the signature?  Can someone senior from his team do it?

Thx
Monte


Get Outlook for iOS

MS_ADMIN 0088

## Monte @ Silver Law

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | 09:52 2018 מאי 08 יום שלישי |
| **To:** | LafayetteChip.Harter@treasury.gov |
| **Subject:** | Re: Hi Chip, Monte here.  I'll use the subject only to be brief.  Does it look like it will happen?  If so, is there any timeline for notice?  Thx |

Chip

I am keeping my mouth shut as to the fix, but people are very nervous given the deadline.  The sooner the better ... obviously.

I will ping you once a week to see where we stand. If you see things about to go public, can you give me advance notice?

Thx

---

**From:** LafayetteChip.Harter@treasury.gov <LafayetteChip.Harter@treasury.gov>
**Sent:** Monday, May 7, 2018 5:52 PM
**To:** Monte @ Silver Law
**Subject:** RE: Hi Chip, Monte here. I'll use the subject only to be brief. Does it look like it will happen? If so, is there any timeline for notice? Thx

It is morphing a bit.  I am modestly optimistic that we will get out relief for a late payment of the first installment of the transition tax for any individual with a total section 964 inclusion of no more than $5,000,000.  Would have to be timely paid with interest by the due date for the 2nd installment.  Hoping to get out this month.

Chip

**From:** Monte @ Silver Law [mailto:ms@silvercolaw.com]
**Sent:** Monday, May 07, 2018 9:16 AM
**To:** Harter, Chip <LafayetteChip.Harter@treasury.gov>
**Subject:** Hi Chip, Monte here. I'll use the subject only to be brief. Does it look like it will happen? If so, is there any timeline for notice? Thx
**Importance:** High

https://hyperlink.services.treasury.gov/agency.do?origin=www.linkedin.com/in/americantaxsolutions

Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor
Herzelia Pituach 46120 Israel

1

MS_ADMIN 0089

Tel:  +972-9-9603799
Fax: +972-9-9603798
Mob: +972-544-232-683
email:  ms@silvercolaw.com

**From:** LafayetteChip.Harter@treasury.gov <LafayetteChip.Harter@treasury.gov>
**Sent:** Monday, April 2, 2018 5:48 PM
**To:** Monte @ Silver Law
**Subject:** RE: First payment of the Transition tax

That's right.  They need to make the first payment on that date, even if they apply for an extension to file their returns in October.

Chip

**From:** Monte @ Silver Law [mailto:ms@silvercolaw.com]
**Sent:** Friday, March 30, 2018 9:41 AM
**To:** Harter, Chip <LafayetteChip.Harter@treasury.gov>
**Subject:** Re: First payment of the Transition tax

Chip

Thx.  Just to make sure, we are talking about the payment date being June 15, not the filing date.  Correct?

Thx

Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
10 Abba Eban Blvd., P.O. Box 2018
Building C., 7th Floor
Herzelia 4612002 Israel

Tel:  +972-9-972-6085
Mob: +972-544-232-683
email:  ms@silvercolaw.com

**From:** LafayetteChip.Harter@treasury.gov <LafayetteChip.Harter@treasury.gov>
**Sent:** Friday, March 30, 2018 3:58 PM
**To:** MonteS@ems-legal.com
**Subject:** RE: First payment of the Transition tax

2

Yes, as discussed by phone, we will release a IRS Notice on Monday stating that the filing date is June 15th for expatriates and military serving abroad.  You should see it posted on the IRS website on Monday.

Best regards,

Chip

**From:** Monte Silver [mailto:MonteS@ems-legal.com]
**Sent:** Thursday, March 29, 2018 1:56 PM
**To:** Harter, Chip <LafayetteChip.Harter@treasury.gov>
**Subject:** Re: First payment of the Transition tax

Hi Chip

In the spirit of Passover and the transition from slavery to freedom, I thought I'd follow up to see if there was any progress on the June 15th matter and the 2 proposals I sent you.

I know that a lot of expats would be very thankful if the Easter bunny were to help them on a different kind of transition...

I know - a bit overdone - but the symbolism made me smile

Thx
Monte

**From:** LafayetteChip.Harter@treasury.gov <LafayetteChip.Harter@treasury.gov>
**Sent:** Wednesday, March 21, 2018 11:11 PM
**To:** Monte Silver
**Subject:** RE: First payment of the Transition tax

Monte,

Good meeting with you yesterday.  I am working to get the confirmation of the June 15, 2008 first payment date in the notice we will be getting out soon.

Chip

**From:** Monte Silver [mailto:MonteS@ems-legal.com]
**Sent:** Wednesday, March 21, 2018 4:24 PM
**To:** Harter, Chip <LafayetteChip.Harter@treasury.gov>
**Subject:** First payment of the Transition tax

Hi Chip

I made it back to Israel.  Working on the proposals relating to the GILTI and Transition taxes we discussed and will send you hopefully by tomorrow

In addition, if you could, it would be appreciated if you could confirm that the first payment of the Transition tax is June 15 2018, not April 15, 2018 for individual Americans living abroad.

As I believe you mentioned,  the Treasury/IRS will issue a notice to this effect within two weeks.

3

M Gmail

**Monte Silver <americansabroadfortaxfairness@gmail.com>**

## Apology

**LafayetteChip.Harter@treasury.gov** <LafayetteChip.Harter@treasury.gov>
To: americansabroadfortaxfairness@gmail.com

Mon, Aug 6, 2018 at 4:12 PM

Monte,

Thank you for the note and thank you for the heads up. A couple of thoughts. First, this type of regulatory impact analysis is part of the procedural requirements for getting out final regulations. Your proper forum is probably OMB / OIRA, which will be reviewing the final regulations on these regulatory impact issues later this year. OIRA has been inviting public comments.

The second thought is that there is an issue as to what the proper base line for measurement is. The tax liability itself and the need to make reports and filings arises from the act of Congress. The proposed regulations themselves merely implement and simplify. That is the case that the Treasury will be making to OIRA.

Best regards,

Chip

[Quoted text hidden]

MS_ADMIN 0092

**LafayetteChip.Harter@treasury.gov** <LafayetteChip.Harter@treasury.gov>   Wed, Aug 8, 2018 at 4:00 PM
To: americansabroadfortaxfairness@gmail.com

Monte,

I have a meeting scheduled later this afternoon with my advisors on administrative law and regulatory burdens to get their assessment of the situation.

I'll touch base with you after I've spoken with them.

Chip

[Quoted text hidden]

---

**Monte Silver** <americansabroadfortaxfairness@gmail.com>   Wed, Aug 8, 2018 at 6:01 PM
To: "LafayetteChip.Harter@treasury.gov" <LafayetteChip.Harter@treasury.gov>

Very good to hear Chip

Having looked at this I see three options:

1. Leave certificate as is and continue ordinary. Why not?  This would result in litigation then proper process

2. Amend certificate.Why not?  Time consuming. May impact main process. May establish dangerous FRA precedence. Your FRA conclusion would conclude that my dollar limit is reasonable

3.  Leave certificate as is but crave out small business 2.5m exception by way of notice on faq website. Looks best. Also, would exclude need to address this issue in final assessment report.

I would be happy to be of service to help Treasury with expat data as Treasury sees fit

Monte
[Quoted text hidden]

---

**Monte Silver** <americansabroadfortaxfairness@gmail.com>   Thu, Aug 9, 2018 at 3:24 PM
To: "LafayetteChip.Harter@treasury.gov" <LafayetteChip.Harter@treasury.gov>

Chip

The reg was published today.  That means that the 60 days starts to run.

I believe that the best option is a carve out where Treasury announces that until such time as small business owners with 965 liability under $2.5M are specifically addressed in a 965 reg, they are excluded from the current proposed reg. This will make the certification ok, and allow Treasury to avoid the issue in the final version. I see no other option.  I have lots of data and I will be happy help Treasury build the record to substantiate this reasonable position.

In balancing between giving Treasury time, to protecting small business owners, I believe that is fair to ask that Treasury produce a concrete proposal within 14 days from today (Thursday Aug 23). Absent this, small business owners will have to voice their strong opposition to the faulty process by email campaigns, articles about the unreasonable statutory certification, Freedom of Information requests, etc. I will be truthful by saying that WSJ, Bloomberg and FT  are hungry on the expat story.

Lets find a way to do the right thing

Thx Monte

MS_ADMIN 0093

## Monte @ Silver Law

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | 22:48 2018 אוגוסט 09 יום חמישי |
| **To:** | LafayetteChip.Harter@treasury.gov; Major.Clark@sba.gov |
| **Cc:** | Heidi.Cohen@treasury.gov; Neviana.Petkova@treasury.gov; Brenda.Zent@treasury.gov; Claudia.Rodgers@sba.gov; steven.mnuchin@treasury.gov; eli.miller@treasury.gov; McCall Daniel M; william.m.paul@irscounsel.gov; Leni.c.perkins@irscounsel.gov; Karen.J.Cate@irscounsel.treas.gov; nina.olson@irs.com |
| **Subject:** | Secretary Mnuchin's bad faith certification under the Regulatory Flexibility Act regarding the proposed 965 rule |
| **Importance:** | High |

Mr. Harter (Treasury) and Mr. Clark (Small Business Administration)

I write this email following Mr. Harter's email below in which the Treasury seeks to avoid the required process under the Regulatory Flexibility Act (RFA) with regard to the proposed rules of IRC 965. As set forth below, Mr. Harter's positions will clearly not survive judicial review. In addition, such judicial review will expose the Treasury to other FRA challenges. Finally, Mr. Harter's response triggers SBA involvement, as set forth below.

This communication analyzes the Treasury and SBA statutory obligations in light of Mr. Harter's email.

### Treasury

#### A.    The certificate is defective on its face.

1.    The Secretary, who granted small businesses 965 relief on June 4, was well aware that 965 would significantly harm a substantial number of small businesses. But he chose to ignore the facts and issued the certificate in bad faith.

The certificate must set forth a factual analysis. RFA 605(b). See Southern Offshore Fishing Association v. Daley. "Pursuant to § 603, an IRFA would have required [the agency] to engage in a careful and meaningful study of the problem from the beginning. With notice of [agency's] position, the public could have engaged the agency in the sort of informed and detailed discussion that has characterized this litigation. Instead, [agency] chose an insular approach designed to block further investigation and public scrutiny. Agency compounded this error by preparing a FRFA that constitutes an attempt to agreeably decorate a stubborn conclusion."

"Congress has not intended for administrative agencies to circumvent the fundamental purposes of the RFA by invocation of the certification provision." North Carolina Fisheries Association v. Daley.

Bare certification is not sufficient. Theiss v. Principi.

In our case, there are a huge number of small businesses who are hit by this law. Knowing this, Treasury granted relief four months ago and the Secretary signed the second relief two months ago. Yet the Certification states that the law does not cause significant harm to a substantial number of businesses. What facts is the certification based on? Not one!! It includes only high-level conclusions, no facts whatsoever. It also completely ignores the unique situation of American small business owners abroad.

1

2.      Mr. Harter states that argues "Our understanding is that the Regulatory Flexibility Act <u>does not</u> <u>apply to individuals</u>. As stated in the regulatory flexibility analysis section of the preamble, the regulations <u>would not impose collection of information requirements on small entities</u>. In this regard, the analysis section explains that the collection of information requirements in the proposed regulations would <u>apply to</u> <u>the owners of the specified foreign corporations</u>."

This argument should have been laid out in the Certificate in a factual analysis based on reasonable inquiry. Did the certificate include facts from a single small business to allow the Secretary to substantiate this contention? No. Was any inquiry made as to whether the line that the Certification made between efforts/expenses of an individual shareholder and those of the entity made any sense in the context of a small business? We do not know as the Certification is wholly silent on any analysis the Secretary carried out.

3.   Mr. Harter states that it is our understanding that a "small entity" does not include a foreign entity.

What is this contention based on? We do not know as the Certification does not even raise this point.   Is it true even if the small business devastated by these laws is owned by an American subject to these taxes?   What if the business has offices and contributes to the US economy?   We do not know.

B.      **The process is defective as a matter of law**

Mr. Harter states that we are "welcome to comment on all aspects of the proposed regulations, including the regulatory flexibility analysis, and those comments will be considered as part of the finalization of the regulations."

Under the RFA, the burden is on the agency to follow due process, not the small business to prove its case. Case law holds that whether or not small businesses participate is irrelevant. The process is faulty as a matter of law. Second, Treasury does not even intend to conduct a final assessment, basically robbing small businesses of any ability to participate in the process.

C.      **The RFA has granted Treasury explicit authority to act**

Mr. Harter states that "the Treasury simply does not have authority to create exceptions not provided by Congress ... Broader relief would need to come from Congress."

This is patently wrong,. Section 603 is very explicit and reads"

"Consistent with the stated objectives of applicable statutes, the analysis shall discuss significant alternatives such as<u>... an exemption from coverage of the rule, or any part thereof, for such small entities.</u> As to judicial review, "In granting any relief in an action under this section, the court shall order the agency to take corrective action consistent with this including, but not limited to— deferring the enforcement of the <u>rule</u> against small entities.

Can Treasury even make this argument with a straight face?  Read the preamble to the RFA  law below.

<div align="center">

**Preamble to FRA**
</div>

**Congressional Findings and Declaration of Purpose**
(a) The Congress finds and declares that —
(1) when adopting regulations to protect the health, safety and economic welfare of the Nation, Federal agencies should seek to **achieve statutory goals** as effectively and efficiently as possible without imposing unnecessary burdens on the public;
(2) **laws** and regulations designed for application to **large scale entities have been applied uniformly to small businesses,** small organizations, and small governmental jurisdictions even though the problems that gave rise to government action may not have been caused by those smaller entities;

MS_ADMIN 0095

(4) **the failure to recognize differences in the scale and resources of regulated entities** has in numerous instances adversely affected competition in the marketplace, discouraged innovation and restricted improvements in productivity;

(b) It is the purpose of this Act to establish as a principle of regulatory issuance that agencies shall endeavor, **consistent with the objectives of the rule and of applicable statutes, to fit regulatory and informational requirements to the scale of the businesses**, organizations, and governmental jurisdictions subject to regulation.

Note the Treasury August 1 2018 press release:  "The United States Department of the Treasury today announced the release of proposed regulations relating to the section 965 transition tax, **on U.S. multinational companies' overseas income**, which is being repatriated under section 965 of the Tax Cuts and Jobs Act." https://home.treasury.gov/news/press-releases/sm452

This is an open and closed case!

### D.   Treasury's action will give rise to multiple RFA actions.

4.  Bad precedence. It is my belief that Treasury is setting itself and other agencies up for many RFA actions. Not a smart move. I note the same type of Certification under the proposed regs for Section 199A. I see potential for mass challenges based on RFA.


### SBA

Under Section 612 of the RFA, the Chief Counsel for Advocacy of the Small Business Administration shall monitor agency compliance with this chapter

Accordingly, formal request is made that the Small Business Agency carry out its statutory duties on behalf of small businesses based in the U.S. and abroad. For your information, I, like many other American small businesses abroad have business presence in the United States and contribute to the United States in many ways.


To summarize, Treasury's current position as set forth in Mr. Harter's email is grossly unreasonable.  We small business owners cannot and will not sit quietly as our businesses and our livelihoods are devastated by the Transition and GILTI taxes.

On behalf of countless small business owners impacted by this proposed rule, I ask Treasury and the SBA to act reasonably and compassionately.  We will wait until close of business Monday August 13, 2018 to hear if the Treasury is willing to reconsider its position.  At which time we, hopefully with the assistance of the SBA, will commence an all-out struggle against Treasury's unreasonable position.

Monte




Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733 Israel

Tel:  +972-9-9603799
Fax: +972-9-9603798

MS_ADMIN 0096

Mob: +972-544-232-683
email: ms@silvercolaw.com

---------- Forwarded message ----------
From: <LafayetteChip.Harter@treasury.gov>
Date: Thu, Aug 9, 2018 at 4:22 PM
Subject: Proposed regulations under IRS 965 as applied to Americans abroad
To: americansabroadfortaxfairness@gmail.com
Cc: Heidi.Cohen@treasury.gov, Neviana.Petkova@treasury.gov, Brenda.Zent@treasury.gov

Monte,

I met yesterday with our experts on the regulatory flexibility requirements. They believe that the regulatory flexibility analysis in the preamble to the recently issued proposed regulations under section 965 is correct. Our understanding is that the Regulatory Flexibility Act does not apply to individuals. As stated in the regulatory flexibility analysis section of the preamble, the regulations would not impose collection of information requirements on small entities. In this regard, the analysis section explains that the collection of information requirements in the proposed regulations would apply to the owners of the specified foreign corporations. Furthermore, it is our understanding that a "small entity" does not include a foreign entity. Although the proposed section 965 regulations would impose certain information gathering responsibilities on individual expatriates who own small foreign corporations, we believe that those information gathering responsibilities imposed on such individuals are not considered in the regulatory flexibility analysis.

You are welcome to comment on all aspects of the proposed regulations, including the regulatory flexibility analysis, and those comments will be considered as part of the finalization of the regulations.

More fundamentally, and as we have discussed in the past, the Treasury simply does not have authority to create exceptions not provided by Congress to prevent the application of section 965 to individuals living abroad. We have exercised the authority that we believe we have to extend the time for payment of the first installment of tax without penalty for one year. Broader relief would need to come from Congress.

Best regards,

Chip

From: Monte Silver <americansabroadfortaxfairness@gmail.com>
Sent: Thursday, August 9, 2018 8:24 AM
To: Harter, Chip <LafayetteChip.Harter@treasury.gov>
Subject: Re: Apology + Proposed regulations under IRS 965 as applied to Americans abroad

Chip

The reg was published today. That means that the 60 days starts to run.

I believe that the best option is a carve out where Treasury announces that until such time as small business owners with 965 liability under $2.5M are specifically addressed in a 965 reg, they are excluded from the current proposed reg. This will make the certification ok, and allow Treasury to avoid the issue in the final version. I see no other option. I have lots of data and I will be happy help Treasury build the record to substantiate this reasonable position.

In balancing between giving Treasury time, to protecting small business owners, I believe that is fair to ask that Treasury produce a concrete proposal within 14 days from today (Thursday Aug 23). Absent this, small business owners will have to voice their strong opposition to the faulty process by email campaigns, articles about the

4

unreasonable statutory certification, Freedom of Information requests, etc. I will be truthful by saying that WSJ, Bloomberg and FT are hungry on the expat story.

Lets find a way to do the right thing

Thx Monte

MS_ADMIN 0098

**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום שלישי 14 אוגוסט 2018 17:03 |
| **To:** | Leni.c.perkins@irscounsel.treas.gov |
| **Cc:** | eli.miller@treasury.gov; david.kautter@treasury.gov; Major.Clark@sba.gov; Claudia.Rodgers@sba.gov; LafayetteChip.Harter@treasury.gov; Heidi.Cohen@treasury.gov; Neviana.Petkova@treasury.gov; Brenda.Zent@treasury.gov; LafayetteChip.Harter@treasury.gov |
| **Subject:** | Request of email of Regina Johnson to request a hearing on the 965 regs |

Hi Leni

I decided to try and see what it is like for a small business to ask for a hearing. Of course, I am not the average small business. I am among the the most knowledge small business persons there are in the world on the subject. I am also a tax lawyer who really enjoys this stuff. Not many small business owners like me out there.

1. So lets assume that I am an average small business person who actually has heard something about a proposed rule. Not very likely.
2. Then lets assume that is would even dawn on me that I might try to see that this is all about. Again, I am a very busy business owner, but lets just say.
3. Then lets assume that I have the time and some degree of creativity and google the right words – proposed rule 965 treasury. Now, a small business owner may not know what 965 it. But lets assume. After going through a few links, I personally got to https://www.irs.gov/pub/irs-drop/reg-104226-18.pdf. I see a document with 250 pages. I immediately close this document and give up
4. But lets assume that I flip through this and try to read a few lines. Pure Chinese. I give up
5. But lets assume that I really want to invest lots of time in this to see if there is anything I can do. So I call a few friends. Most of them know nothing of this as they are not small business owners. I call my CPA - a one person shop. The CPA tells me that this is a document that is probably made public for comment and so I should look for a hearing opportunity. So I go back to the internet and to the document.
6. Now, assume that my eyes do roll over but I do see something about a hearing.
7. Now assume that I, being a small business, would even think about spending the time and money to even be remotely thinking about going to a hearing and leaving my business
8. Now assume that I find the part about the hearing. It says this: "Written or electronic comments and requests for a public hearing must be received by [INSERT DATE 60 DAYS AFTER PUBLICATION OF THIS DOCUMENT IN THE FEDERAL REGISTER]." As I have not idea when the publication was, I give up.
9. I have no idea what a hearing is, or what I could possibly say at a hearing. I am just the owner of a coffee show in Frankfurt. But at least in theory I want my "day in court". I want to vent and tell the world how damaging this law is to me.
10. So lets assume that I go to the Federal Register....

Anyways, that is enough for now. I will continue this at a later time. Now we know why RFA 603 states that the initial assessment must include "the clarification, consolidation, or simplification of compliance and reporting requirements under the rule for such small entities"

Can I please ask you to send me the email of Regina Johnson? I called the listed number to get her email, as I prefer having things documented. But after being transferred to a voicemail I gave up

Thx
Monte

1

MS_ADMIN 0099

**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום שלישי 14 אוגוסט 2018 12:09 |
| **To:** | Major.Clark@sba.gov; Claudia.Rodgers@sba.gov |
| **Subject:** | Request call regarding the substantial impact on a significant number of small businesses arising from the proposed 965/962 regulations |
| **Importance:** | High |

Dear Mr. Clark and Ms. Rodgers

My name is Monte Silver and I am a US tax attorney living in Israel.  I have a one-man firm.  Like an estimated 200,000 other tiny/small business owners, I am an individual US shareholder with interests in a controlled foreign corporations.  Having communicated with over a thousand small business owners like me, I know for a fact that the Transition and GILTI taxes will simply drive many of us out of business or force us to become tax avoiders.

I have an office in the US for which I generate significant revenues, that results in (1) the employment of US-based people, and (2) US tax revenue.   In this regard I am similar to many others in my situation.

I would like to schedule a call with you to discuss the recent proposed 965 regulations with regard to (i) their impact on small businesses, (ii) their compliance with section 605© of the Regulatory Flexibility Act, and (iii) SBA duties under FRA 612.

I look forward to hearing from you.

Thanks very much

Monte

Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax:  +972-9-9603798
Mob:  +972-544-232-683
email:  ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

U.S. tax law articles and advocacy updates

**From:** Monte @ Silver Law
**Sent:** יום ב 13 אוגוסט 2018 19:25
**To:** LafayetteChip.Harter@treasury.gov

1

MS_ADMIN 0100

**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום רביעי 22 אוגוסט 2018 12:32 |
| **To:** | david.kautter@treasury.gov; neomi_rao@omb.eop.gov |
| **Cc:** | LafayetteChip.Harter@treasury.gov; Aaron_L_Szabo@omb.eop.gov |
| **Subject:** | Request for release of documents relating to OMB/OIRA obligations under Executive Order 13789 with regard to the proposed 965 rule |
| **Importance:** | High |

Dear Ms. Rao and Mr. Kautter

I am writing to bring your attention to the requirements of EO 13789 as applicable to the above proposed 965 rule.  Given the analysis below, very clear EO 12866 requirements apply.   Ordinarily I would not be occupied with these matters, but the proposed rules (and those to come under GILTI) do (and will) impose a devastating impact on a tremendous number of small businesses.

As I have found what I believe to be numerous material statutory violations under the Regulatory Flexibility Act and Paperwork Reduction Act with regard to the proposed 965 regulations, I bring this matter to your attention.   Accordingly, request is hereby made that Treasury/OMB make public all EO 13789/12866-related documents.  I note that under EO 12866, the OMB <u>must</u> make available to the public the documents exchanged between them during the review.

Your attention to this request is appreciated.

Respectfully,

Monte Silver

## **Executive order 13789**

IDENTIFYING AND REDUCING TAX REGULATORY BURDENS

Section 1.  Policy.  The Federal tax system should be simple, fair, efficient, and pro-growth.  The purposes of tax regulations should be to bring clarity to the already complex Internal Revenue Code (title 26, United States Code) and to provide useful guidance to taxpayers.  Contrary to these purposes, numerous tax regulations issued over the last several years have effectively increased tax burdens, impeded economic growth, and saddled American businesses with onerous fines, complicated forms, and

1

frustration.  Immediate action is necessary to reduce the burden existing tax regulations impose on American taxpayers and thereby to provide tax relief and useful, simplified tax guidance.

## Memorandum of Agreement between Treasury and OMB - Review of Tax Regulations under Executive Order 12866 – Dated April 11, 2018

Execute order 13789 directed the Treasury and OMB to review and if approrporiate reconsider the scope and implememation of the existing exemption for certain tax regulations from the review process under Executive Order 12866.  "Treasury and OMB share a commitment to reducing regulatory burdens and providing timely guidance to taxpayers."

1. A tax regulatory action WILL be subject to review under EO 12866 if it is likely to result in a rule that may ... (b) raise a novel legal or policy issue, such as by prescribing a rule of conduct backed by an assessable payment.
2. Such action WILL be subject to the analytical requirements of a significant regulatory action under section 6(a)(3)(B) of EO 12866
5.  Treasury WILL NOT publish in the Federal Register or otherwise release any tax regulatory action unless OIRA notified Treasury that is has waived or completed its review

Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax: +972-9-9603798
Mob: +972-544-232-683
email: ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

U.S. tax law articles and advocacy updates

MS_ADMIN 0102

## Monte @ Silver Law

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום חמישי 23 אוגוסט 2018 10:36 |
| **To:** | Heidi.Cohen@treasury.gov; Neviana.Petkova@treasury.gov; Brenda.Zent@treasury.gov; Claudia.Rodgers@sba.gov; steven.mnuchin@treasury.gov; eli.miller@treasury.gov; McCall Daniel M; Karen.J.Cate@irscounsel.treas.gov; nina.olson@irs.com; william.m.paul@irscounsel.treas.gov; Leni.c.perkins@irscounsel.treas.gov; Major.Clark@sba.gov; LafayetteChip.Harter@treasury.gov; neomi_rao@omb.eop.gov; linda.mcmahon@sba.gov; Aaron_L_Szabo@omb.eop.gov; John.M.Mulvaney@omb.eop.gov; david.kautter@treasury.gov |
| **Subject:** | Secretary Mnuchin's bad faith RFA 605(b) certification in the Proposed 965 regulations and its impact on Treasury, IRS, OMB, OIRA, SBA and other agencies that have issued regulations in the past year or will do so in the future |
| **Attachments:** | GAO report relevant parts.pdf; Analysis of certification.pdf; House legislative history.pdf; Senate legislative history.pdf; Law firm analysis.pdf |

To the Treasury, IRS, SBA, OMB and OIRA:

After additional analysis by a prominent US law firm who is assisting on this matter, I wish to share with you the following:

1. <u>Senate and House legislative history to the RFA – regarding Treasury/IRS rules</u>

As set forth explicitly in the Senate legislative history attached, RFA applies to proposed rules of Treasury/IRS once there is a collection of information impact on small businesses. Period. In addition, in order to accomplish the goal of the RFA, "the IRS should take an expansive view in interpreting the phase "collection of information" when considering whether to conduct a regulatory flexibility analysis".

As to certification, both the House and Senate legislative history clearly require the certification to include in "depth factual, policy and legal reasoning". (Senate) "Simple boilerplate statements [in a certification] that a rule will not have such an effect are patently inadequate under the RFA. Rather sufficient analysis must be performed to apprise the regulated community of the reason for the certification. Moreover, any doubt as to whether a regulatory flexibility analysis should be performed must be resolved in factor of performing the analysis." (House)

Here, as seen in the attached, the certification, which includes not a single fact or any analysis at all (i) is self-contradictory, (ii) raises a one-sentence meaningless argument, and (iii) actually states that having an interest in a CFC requires huge amounts of resources and thus will not involve small businesses – a fact that Secretary Mnuchin knew was untrue when he certified.

There are other issues of RFA 609 and 612 that appear in the legislative history that have been violated by Treasury/IRS and SBA. There are also Paperwork Reduction Act violations which I have pointed out to the OMB and OIRA directors in detailed separate emails. However, these are not the main thrust of this email.

2. <u>GAO report states that between 2013-2105, less than 1% of IRS/Treasury regulations included any RFA analysis!</u> See attached. I believe you can well imagine the magnitude of the implications of what I am raising here.

3. <u>Tier 1 US law firm client alert. Attached.</u>   "The GAO concluded that Treasury and the IRS routinely do not comply with fundamental rulemaking requirements. As a result, this report may help

MS_ADMIN 0103

taxpayers challenge the validity of regulations in future proceedings." (This document was downloaded off the internet without knowledge of the author firm. The author firm is not presently involved in this matter – i.e. is not the above mentioned cooperating cooperating firm, thought I do have a strong longstanding relationship with the author firm.

To summarize, I believe that the proposed regulations put Treasury, the IRS, the Secretary personally, the SBA, OMB, OIRA and any other agency issuing regulations, or that has issued regulations in the last year in a vulnerable position.   I am in touch with 3 reporters from the very largest publications who are conducting due diligence on this matter.

I have offered a quiet way out of this mess.  How your agencies wish to move forward is your decision.

Monte

Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax: +972-9-9603798
Mob: +972-544-232-683
email:  ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

U.S. tax law articles and advocacy updates

MS_ADMIN 0104

**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | 17:46 2018 אוגוסט 23 יום חמישי |
| **To:** | LafayetteChip.Harter@treasury.gov |
| **Subject:** | Solution to the situation |

**Importance:**   High

Hi Chip

I most want to solve this quietly and quickly.

Why not simply amend FAQ 16 to state that until as shall be addressed specifically in separate regulations, US individuals with less than $2.5M in personal/962 965 tax liability are exempt from payment or filing obligations.

That would be acceptable, no?

Thx Monte

Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax:  +972-9-9603798
Mob: +972-544-232-683
email:  ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

U.S. tax law articles and advocacy updates

MS_ADMIN 0105

## Monte @ Silver Law

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום רביעי 05 ספטמבר 2018 10:59 |
| **To:** | Heidi.Cohen@treasury.gov; Neviana.Petkova@treasury.gov; Brenda.Zent@treasury.gov; Claudia.Rodgers@sba.gov; steven.mnuchin@treasury.gov; eli.miller@treasury.gov; McCall Daniel M; Karen.J.Cate@irscounsel.treas.gov; nina.olson@irs.com; william.m.paul@irscounsel.treas.gov; Leni.c.perkins@irscounsel.treas.gov; Major.Clark@sba.gov; LafayetteChip.Harter@treasury.gov; neomi_rao@omb.eop.gov; linda.mcmahon@sba.gov; Aaron_L_Szabo@omb.eop.gov; John.M.Mulvaney@omb.eop.gov; david.kautter@treasury.gov |
| **Subject:** | Treasury and OMA/OIRA violations of the Paperwork Reduction Act (PRA) with regard to the proposed 965/962 regulations. |
| **Attachments:** | Secretary Mnuchin & Treasury press release.jpg |

Dear Treasury, IRS, OMB and OIRA Officials

After review of the Paper Reduction Act statute (PRA), it appears that the PRA-related procedural corner-cutting of your respective agencies is similar to that I outlined in my previous RFA analysis.

### Treasury & the Paperwork Reduction Act

A core goal of the PRA is to minimize the paperwork burden for individuals, small businesses ... and other persons resulting from the collection of information by or for the Federal Government.  PRA 3501.

According to section 3506(a)(1), Secretary Mnuchin is responsible for Treasury's compliance with PRA.  According to Section 3506 (c), Treasury must:

> (i) establish an independent process to fairly evaluate whether proposed collections of information includes a specific, objectively supported estimate of burden,

> (ii) certify that the collection of information (i) reduces the burden on small business, and (ii) is written using plain, coherent, and unambiguous terminology and is understandable to those who are to respond;

> (iv) make efforts to further reduce the information collection burden for small businesses with less than 25 employees.

As to (i), it is factually impossible to conduct (i) any fair evaluation of the proposed collection of information, coupled with (ii) a specific, objectively supported estimate of burden, and reach a conclusion that compliance will take 5 hours.

As stated in the Paperwork Reduction Act part of the proposed 965 rules, the collections of information in these proposed regulations are in proposed §§ 1.965-2(d)(2)(ii)(B), 1.965-2(f)(2)(iii)(B), 1.965-3(b)(2), 1.965-3(c)(3), 1.965-4(b)(2)(i), 1.965-7(b)(2), 1.965-7(b)(3)(iii)(B), 1.965-7(c)(2), 1.965-7(c)(3)(iv)(B), 1.965-7(c)(3)(v)(D), 1.965-7(c)(6)(i), 1.965-7(d)(3), 1.965-7(e)(2), 1.965-7(f)(5), and 1.965-8(c).  I know from my own experience and from experience of countless small businesses that compliance with this proposed collection of information involves months of time & work, often entails switching of accounting firms or retaining additional firms, great financial expense, and serious mental distress.  How could the Treasury reach a 5 hour estimate in good faith?  It could not.

MS_ADMIN 0106

As to (ii), how can the Treasury certify that the proposed rules:  (A) reduce the burden on small businesses, or (B) that the 250 page document is written using plain terminology and is understandable to those who are to respond?   I am a tax attorney, have read a few parts of this document and cannot understand it.  And of course this is no surprise.  The document is geared toward multinational corporations.  See Treasury's own press release, attached.

As to (iii), what efforts did Treasury make so that the collection of information would not impact businesses with less than 25 people?  I am a one man business and I am impacted.


## OMB/OIRA & the PRA

PRA 3507(a) states that the <u>Director must approve the proposed collection of information before it takes effect.</u>  Based on the above and prior emails, it is unreasonable for the Director to approve the proposed collection of information, especially with regard to small businesses.

In fact, PRA section 3504(c) states that with respect to the collection of information, the <u>OMB Director (or its designee at OIRA) shall</u>:

(i)     <u>minimize the Federal information collection burden, with particular emphasis on those individuals and entities most adversely affected;</u>

(ii)    establish and <u>oversee standards and guidelines by which agencies are to estimate the burden to comply with a proposed collection of information;</u>

What actions did or will the OMB and or OIRA take to fulfill the above duties with regard to the 965 proposed rules?

Finally, PRA Section  3507(g) states that the <u>Director may not approve a collection of information for a period in excess of 3 years.</u>  In our case, a small business which makes the IRC 965(h) election must pay the tax over 8 years.  In addition, with regard to the 962 election, a small business distributing dividends from pre-2018 accumulated earnings in 50 years will have collection of information obligations in 50 years.  What inquiry did or will OMA/OIRA engage in to determine whether or not a small business would be required to spend time on the collection of information in the future?

In summary, I know that the PRA does not grant judicial review.  I would, however, assume that judicial review is not the litmus test by which your agencies conduct their affairs.  In any case, if small businesses with less than $2.5M in 965 liability are not exempted from the proposed regs, in a simple RFA action, your agency's actions under PRA will probably be quite probative and relevant.

Monte


Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733 Israel

Tel:  +972-9-9603799
Fax: +972-9-9603798

MS_ADMIN 0107

## Monte @ Silver Law

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום רביעי 12 ספטמבר 2018 17:28 |
| **To:** | Heidi.Cohen@treasury.gov; Neviana.Petkova@treasury.gov; Brenda.Zent@treasury.gov; Claudia.Rodgers@sba.gov; steven.mnuchin@treasury.gov; eli.miller@treasury.gov; McCall Daniel M; Karen.J.Cate@irscounsel.treas.gov; nina.olson@irs.com; william.m.paul@irscounsel.treas.gov; Leni.c.perkins@irscounsel.treas.gov; Major.Clark@sba.gov; LafayetteChip.Harter@treasury.gov; neomi_rao@omb.eop.gov; linda.mcmahon@sba.gov; Aaron_L_Szabo@omb.eop.gov; John.M.Mulvaney@omb.eop.gov; david.kautter@treasury.gov; Regina.L.Johnson@IRSCOUNSEL.TREAS.GOV |
| **Subject:** | Comment to the proposed rules and accompanying exhibits. |
| **Attachments:** | Comment for Proposed Rules 965.pdf; Exhibits for proposed rule.pdf |

Dear Treasury, IRS, OMB, OIRA & SBA Officials:

It is September 12, after a somber day which I feel must be recognized. As we too often do in Israel – we remember.

I know that we all try our best to do what is right, especially those devoted to public service. Mr. Harter, Dan McCall and others have done lots to help our Movement to date. Independent surveys estimate that there are one million Americans impacted by 965/962. They e have no voice and I just trying to do what I can to help them.

Attached is analysis and accompanying exhibits I just submitted via the portal earlier today. Ironically, over the last few days I realized that even if one million Americans submit a comment stating that the business they rely on for survival will go bankrupt as a result of the proposed rules, Treasury has no choice but to certify that the rules do not have a significant impact on a substantial number of small businesses. Why? Treasury chose to go the route of certification and is thus committed.

As I have said before there are two options. As to judicial review, a Silver et al. vs. Treasury lawsuit with one simple cause of action appeals to many in the Movement as can be seen in numerous online communities & forums. Like the pending 2017 RFA case of California Cattlemen vs. U.S. Fish & Wildlife, we too would seek resolution by summary judgement. Unlike California Cattlemen, however, our facts are far more compelling, our case is as black and white as one could hope for, and we are dealing with a major legislative/regulatory action, not the limiting of access to grazing land which marginally effects a few ranchers. And here, the Administration's stakes are much higher. One could quite well see our matter becoming a watershed case.

I sincerely hope we can work this out by way of a $2.5M 965/962 carve out. But the other option is fine as well.

I do not request a hearing, the burden of which would be too significant for my small business.

Respectfully, Monte

MS_ADMIN 0108

**From:** Monte @ Silver Law
**Sent:** 11:59 2018 ספטמבר 14 יום
**To:** Heidi.Cohen@treasury.gov; Neviana.Petkova@treasury.gov; Brenda.Zent@treasury.gov; Claudia.Rodgers@sba.gov; steven.mnuchin@treasury.gov; eli.miller@treasury.gov; McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov>; nina.olson@irs.com; william.m.paul@irscounsel.treas.gov; Major.Clark@sba.gov; LafayetteChip.Harter@treasury.gov; neomi_rao@omb.eop.gov; linda.mcmahon@sba.gov; Aaron_L_Szabo@omb.eop.gov; John.M.Mulvaney@omb.eop.gov; david.kautter@treasury.gov
**Subject:** GILTI regulations

Dear Secretary Mnuchin, Mr. Kautter, Mr. Paul, Mr. Mulvaney, Ms. Rao and Ms. Mcmahon:

I have reviewed the RFA and PDA portions of the proposed GILTI regulations. The same extensive discussion and arguments I made in my comment to the proposed Repatriation regulations apply even more severely to the GILTI regulations. This was I pointed this out in the August 14 email below.

Despite this knowledge, and in line with the GAO report that identified this troubling trend, the Treasury/IRS (and possibly the other agencies) have again participated in the wrongful circumvention of RFA and PDA obligations. And to make matters worse, information I provided was misused it to "fine-tune" the 951A certification. And on the flimsiest of grounds – which I predicted and neutralized in my comment. To tell the truth, I am quite shocked that I am even having this dialogue with the U.S. Federal Government. I can see small resource-constrained businesses or individuals cutting a few corners to obtain a beneficial outcome. But the Federal Government!!?

The facts are objective and your agencies could have identified them by basic due diligence. The law is clear. I can only hope that your agencies use their power and authority to avoid this mess. I hate using what ifs, but if this does not happen, I guaranty that many organizations will start challenging non-trivial regulations of Treasury & other federal agencies under the RFA - including those (i) in process, (ii) adopted within the last year, and (iii) older rules utilizing RFA 610.

I really hope that your agencies do the right and lawful thing.

Monte


**From:** Monte @ Silver Law
**Sent:** Tuesday, August 14, 2018 9:01 AM
**To:** steven.mnuchin@treasury.gov
**Cc:** eli.miller@treasury.gov; LafayetteChip.Harter@treasury.gov; david.kautter@treasury.gov
**Subject:** Notice that Regulations under IRC 951A will have a significant economic impact on a substantial number of small entities
**Importance:** High

Dear Secretary Mnuchin

This is to serve as notice that any regulations under 951A will have a significant impact on a very large number of small businesses. This impact will be FAR greater than the impact of the regulations under 965, for reasons a few of them are detailed below:

1. 951A is an on-going annual obligation
2. 951A appears to apply from the first dollar of income each year
3. 951A involves so many different definitions and categories that gathering information in attempt to comply with the 951A provisions, and complying with them, will impose an unreasonable demand on the small businesses AND their owners

MS_ADMIN 0109

4. The often one-person tax professionals (many times enrolled agents) of the small businesses are simply not capable of helping their clients comply. Thus this will result in one of three situations (1) becoming tax-noncompliant, (2) closing the business, or (3) going to Big 4 accounting firms and spending huge amounts of money each year.
5. The tax rates for GILTI tax liability can be 37% (zero for Google and Apple in most cases)
6. Individual US Shareholders, unlike Google and Apple, are unable to claim the benefits of IRC 250/960

The above is not only my opinion. There are many published articles on the subject. See below.

I assume that the Treasury will govern itself accordingly. We will be following this closely

Thanks Monte

3

**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום שלישי 25 ספטמבר 2018 12:15 |
| **To:** | steven.mnuchin@treasury.gov; eli.miller@treasury.gov; McCall Daniel M; nina.olson@irs.com; william.m.paul@irscounsel.treas.gov; Major.Clark@sba.gov; LafayetteChip.Harter@treasury.gov; linda.mcmahon@sba.gov |
| **Subject:** | Treasury/IRS creates de minimis exceptions to laws when it wants to |

Dear Secretary Mnuchin, Mr. Kautter & Mr. Paul:

In the last few weeks I have developed an interest in reviewing prior regulations adopted by Treasury.  I am no longer surprised by the creative ways in which Treasury/IRS have gotten around the RFA for years, as the 2016 GAO report indeed concluded.

What I did find interesting is the way that Treasury does create exemptions and de-minimis carveouts when it wants to – possibly in a way to address comments of taxpayers and avoid RFA challenges.  For example, while I know little about complex corporate taxation it appears to me that IRC 337 has no such exemptions or carveouts.   Yet in 1992 Treasury issued what is known as the "May Company Regulations".  Since then, Treasury has revised the 337 regulations many times, each time keeping the exemptions/carveouts.   And these exemptions and carveouts are very details and elaborate.  See 4. Deminimis and Inadvertence Exceptions at www.federalregister.gov/documents/2015/06/12/2015-14405/partnership-transactions-involving-equity-interests-of-a-partner

I can point to many other examples of Treasury basically doing what it wants when faced with a problematic law – from not enforcing 2801, to adding the IRC 911 condition to 1.6038D-2.

I trust that in our case, you will find a way to do the right thing.

Monte


Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax: +972-9-9603798
Mob: +972-544-232-683
email:  ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

U.S. tax law articles and advocacy updates

MS_ADMIN 0111

**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | 16:51 2018 ספטמבר 26 יום רביעי |
| **To:** | Brent.McIntosh@treasury.gov; brent.j.mcintosh@treasury.gov |
| **Subject:** | Secretary Mnuchin's bad faith RFA 605(b) certification in the Proposed 965 regulations and its impact on Treasury, IRS, OMB, OIRA, SBA and other agencies that have issued regulations in the past year or will do so in the future |
| **Attachments:** | GAO report relevant parts.pdf; Analysis of certification.pdf; House legislative history.pdf; Senate legislative history.pdf; Law firm analysis.pdf |

| | |
|---|---|
| **Importance:** | High |

Hi Mr. McIntosh

My name is Monte Silver and I am a US tax attorney living in Israel. I received your name from someone quite senior in Congress who advised me to contact you.

It may very well be that you have heard of the issue above. In any case, as the email below states, I believe that the Treasury/IRS are in a delicate legal position with regard to the 962/962/951A proposed regulations.   And the risk extends to many more regulations and agencies.   One can only imagine how politically motived groups could quite easily really make Treasury and all other Federal agencies expend tremendous resources on RFA process.

The RFA case we have is iron clad.  I was told that you are an important person to speak to as you assess the issue legally.

I would be happy to discuss this matter with you or with someone from your team.

Yours, Monte

Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax: +972-9-9603798
Mob: +972-544-232-683
email:  ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

U.S. tax law articles and advocacy updates


**From:** Monte @ Silver Law
**Sent:** 10:36 2018 אוגוסט 23 ה יום
**To:** Heidi.Cohen@treasury.gov; Neviana.Petkova@treasury.gov; Brenda.Zent@treasury.gov; Claudia.Rodgers@sba.gov; steven.mnuchin@treasury.gov; eli.miller@treasury.gov; McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov>; Karen.J.Cate@irscounsel.treas.gov; nina.olson@irs.com; william.m.paul@irscounsel.treas.gov; Leni.c.perkins@irscounsel.treas.gov; Major.Clark@sba.gov; LafayetteChip.Harter@treasury.gov; neomi_rao@omb.eop.gov; linda.mcmahon@sba.gov;

MS_ADMIN 0112

Aaron_L_Szabo@omb.eop.gov; John.M.Mulvaney@omb.eop.gov; david.kautter@treasury.gov
**Subject:** Secretary Mnuchin's bad faith RFA 605(b) certification in the Proposed 965 regulations and its impact on Treasury, IRS, OMB, OIRA, SBA and other agencies that have issued regulations in the past year or will do so in the future

To the Treasury, IRS, SBA, OMB and OIRA:

After additional analysis by a prominent US law firm who is assisting on this matter, I wish to share with you the following:

1. <u>Senate and House legislative history to the RFA – regarding Treasury/IRS rules</u>

As set forth explicitly in the Senate legislative history attached, RFA applies to proposed rules of Treasury/IRS once there is a collection of information impact on small businesses. Period. In addition, in order to accomplish the goal of the RFA, "the IRS should take an expansive view in interpreting the phase "collection of information" when considering whether to conduct a regulatory flexibility analysis".

As to certification, both the House and Senate legislative history clearly require the certification to include in "depth factual, policy and legal reasoning". (Senate) "Simple boilerplate statements [in a certification] that a rule will not have such an effect are patently inadequate under the RFA. Rather sufficient analysis must be performed to apprise the regulated community of the reason for the certification. Moreover, any doubt as to whether a regulatory flexibility analysis should be performed must be resolved in factor of performing the analysis." (House)

Here, as seen in the attached, the certification, which includes not a single fact or any analysis at all  (i) is self-contradictory, (ii) raises a one-sentence meaningless argument, and (iii) actually states that having an interest in a CFC requires huge amounts of resources and thus will not involve small businesses – a fact that Secretary Mnuchin knew was untrue when he certified.

There are other issues of RFA 609 and 612 that appear in the legislative history that have been violated by Treasury/IRS and SBA.  There are also Paperwork Reduction Act violations which I have pointed out to the OMB and OIRA directors in detailed separate emails. However, these are not the main thrust of this email.

2. <u>GAO report states that between 2013-2105, less than 1% of IRS/Treasury regulations included any RFA analysis!</u>  See attached.  I believe you can well imagine the magnitude of the implications of what I am raising here.

3. <u>Tier 1 US law firm client alert. Attached.</u>  "The GAO concluded that Treasury and the IRS routinely do not comply with fundamental rulemaking requirements.  As a result, this report may help taxpayers challenge the validity of regulations in future proceedings." (This document was downloaded off the internet without knowledge of the author firm. The author firm is not presently involved in this matter – i.e. is not the above mentioned cooperating cooperating firm, thought I do have a strong longstanding relationship with the author firm.

To summarize, I believe that the proposed regulations put Treasury, the IRS, the Secretary personally, the SBA, OMB, OIRA and any other agency issuing regulations, or that has issued regulations in the last year in a vulnerable position.  I am in touch with 3 reporters from the very largest publications who are conducting due diligence on this matter.

I have offered a quiet way out of this mess.  How your agencies wish to move forward is your decision.

Monte

MS_ADMIN 0113

**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום חמישי 11 אוקטובר 2018 09:48 |
| **To:** | Brent.McIntosh@treasury.gov; steven.mnuchin@treasury.gov |
| **Cc:** | Heidi.Cohen@treasury.gov; Neviana.Petkova@treasury.gov; Brenda.Zent@treasury.gov; Claudia.Rodgers@sba.gov; steven.mnuchin@treasury.gov; eli.miller@treasury.gov; McCall Daniel M; nina.olson@irs.com; william.m.paul@irscounsel.treas.gov; Major.Clark@sba.gov; LafayetteChip.Harter@treasury.gov; neomi_rao@omb.eop.gov; linda.mcmahon@sba.gov; Aaron_L_Szabo@omb.eop.gov; John.M.Mulvaney@omb.eop.gov; david.kautter@treasury.gov |
| **Subject:** | 965/962 regs and Federal Government legal exposure under the Regulatory Flexibility Act |
| **Importance:** | High |

Dear Steve and Brent

The comment period has ended and we await the final regs.  Hopefully, they will include a carve out for small businesses and a very important IRC 250 inclusion in the 962 proposed regs.

Otherwise, I assume that Treasury is carefully calculating its legal exposure to a Silver et al vs. Mnuchin RFA action which I guarantee will be filed immediately.  The facts of our case are most compelling.  In addition, Government exposure could spread to past, present, and future regs of Treasury and other agencies.  In fact, relying on the GAO report, one can see various political/business entities filing RFA lawsuits to block or delay key Executive-branch initiatives that violate the RFA.  A few of these entities filed comments to the proposed 965/962 regulations. They and countless others are simply an email, Facebook/Linkedin post or phone-call away.  And I am exceptionally good at reaching out and building alliances.  Finally, I am sure you can imagine how becoming a national champion for small business rights under the RFA would be most beneficial to me personally.

As I told Mr. McCall back in March 2018 in our first call when he told me that temporary relief was not possible – "I am glad as I relish a good fight."  Nothing has changed, only now I have a Movement and money behind me.   And to make sure there are no surprises, between now and the publishing of the final rule I will display to you both how broad the legal exposure to President Trump's agenda will be.

The RFA mandates a carveout. Treasury has the authority to create one, and it has exercised this authority in the past.  I sincerely hope that things end with the final 965/962 rules.

I trust that you will do the right thing.

Monte


Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

MS_ADMIN 0114

## Monte @ Silver Law

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום שלישי 16 אוקטובר 2018 12:02 |
| **To:** | LafayetteChip.Harter@treasury.gov; McCall Daniel M |
| **Cc:** | eli.miller@treasury.gov; nina.olson@irs.com; william.m.paul@irscounsel.treas.gov; david.kautter@treasury.gov; Brent.McIntosh@treasury.gov |
| **Subject:** | New and simple solution to the 965 - Regulatory Flexibility Act issue |
| | |
| **Importance:** | High |

Dear Chip and Dan

Recently I have spoken to with members of the Movement who are US-based shareholders of S corps which in turn are US Shareholders of CFCs. Many are very small ecommerce businesses and they are quite upset by the whole 965 issue. I have also spoken to a few of their US-based tax professionals who know little about 965/962, and nothing substantive about the proposed regs. As a result of these conversations, I became aware of 965(i) that deals with S corps. How we missed this as a way to resolve the matter I don't know. I propose an easy solution:

1. A $500,000 net tax liability de-minimis exemption (including shareholders electing 962), rather than the previously $2.5M limit I previously proposed.
2. The 965(i) deferral shall apply to any other (1), individual U.S. Shareholder or (2) individual U.S. Shareholder making an election under IRC 962, who own an interest in a Specified foreign corporation

Under the 965(i) solution:
   a. Renouncing a citizenship would remain a trigger for 965(h) and 965(i).
   b. Joint liability under 965(i)(5) may be an issue for a CFC
   c. Timing. Individual shareholders would need time to make the deferral election.


Good for Treasury and good tax policy
- Allows piggy back on 965(i)
- Provides incentive for higher wealth individual US shareholders not to give up US citizenship as they can defer 965 tax for years. This leads to increased income/estate tax and capital gains taxes from higher wealth individual US shareholders over the years
- Allows the smallest of small businesses to avoid the grueling compliance costs of 965/regs.

Good to Taxpayers
Grants exemption for the smallest businesses which are the mass majority of them
Grants deferral for higher wealth individual US shareholders

Good for Compliance industry
Higher wealth individual U.S. shareholders will require on-going services related to 965(i)

The deminimis exemption is much lower but still a mandatory component. I think this is a great solution. I will call you both to discuss this later this week.

Monte

MS_ADMIN 0115

email: ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

Updates on US tax law and tax advocacy

**From:** Monte @ Silver Law
**Sent:** Monday, October 22, 2018 12:54 PM
**To:** LafayetteChip.Harter@treasury.gov
**Cc:** william.m.paul@irscounsel.treas.gov; david.kautter@treasury.gov; McCall Daniel M
<Daniel.M.McCall@irscounsel.treas.gov>; Leni.c.perkins@irscounsel.treas.gov
**Subject:** Memo analyzing Treasury's regulatory authority to provide (a) relief under 965(i) to individual U.S.
Shareholders, and (b) IRC 250 deductions to taxpayers electing under 1.962-2.
**Importance:** High

Hi Chip

Per our call last week, below and attached is the memo you asked for. I believe it accurately
reflects the law and facts and concludes that Treasury has the requisite regulatory authority to
grant the narrow relief we seek.   In March 2018, following a broad email campaign of small
businesses, we met in DC and this resulted in a resolution.   At this point I believe the former is
not needed, but that a face to face meeting is important.  This is especially so as (i) you and
your team are very busy with bigger things, (i) the issue is of paramount and timely importance
to many many people impacted, and (iii) time is short.

I have to be on the east coast for a family event starting Saturday November 3 and would be
very much to meet with you at your convenience on either Thursday or Friday November 1-2.

Yours, Monte

### 1.    Treasury has authority to grant IRC 965(i) treatment to individual U.S. shareholders.

Being a vital engine of the American economy, small businesses and their individual owners
were deemed a priority under the Tax Cuts and Jobs Act ("TCJA") and they received
preferential treatment.  For example, IRC 199A provided tax breaks to individual owners of
sole proprietorships and pass-through entities.

Another priority goal of the TCJA was to create a territorial system of taxation for U.S.
corporations, with IRC 965 serving as a transition between the old and new regime.   As part of
its attempt to assist small businesses and their individual owners (who did not even receive the
benefit of the new territorial regime), Congress enacted IRC 965(e).  IRC 965(e) struck a
balance between these two priority goals.

MS_ADMIN 0116

Much like 199A, in enacting 965(e) Congress looked beyond the entity formalities and sought to assist <u>individual owners</u> of transparent small businesses. Specifically, and explicitly, Congress permitted "deferral of the transition net tax liability for shareholders of a U.S. shareholder that is a flow through entity..." Any such shareholder "may elect to defer his portion of the net tax liability to the participation exemption system until the shareholder's taxable year in which a triggering event occurs." Conference Report to Accompany H.R. 1, December 15, 2017. Clearly, in both laws Congress intended to protect individual shareholders of small businesses, and the transparent small businesses themselves.


<u>The Proposed 965/962 Regulations ("Regs")</u>


It is fundamental administrative law that in interpreting statutes and issuing regulations, the Federal agency is "given controlling weight unless they arbitrary, capricious or manifestly contrary to the statute." *Chevron U.S.A. v. NRDC*, 467 U.S. 837 (1984). This is especially so where the statute provides the agency with authority to prescribe regulations necessary or appropriate to carry out the provisions of the statute, as is the case with IRC 965. *Chevron* at 844.


Unless the law is unambiguously expressed as to the issue at hand, the administrative agency is required to make rules and fill gaps left implicitly or expressly open by Congress. *Morton v. Ruiz*, 415 U.S. 1999 (1974).


Given the scope of TCJA and the somewhat rapid manner in which parts of it may have been drafted, certain problems and ambiguities arose. In addressing them, and absent acting arbitrarily, Treasury has full legitimacy to use its discretion to solve these problems, under *Chevron* and under IRC 965(o).


And in the case of the Regs, Treasury has applied it discretion. For example, IRC 962 specifically allows 962 elections to be made only by U.S. Shareholders **who are individuals**. However, in the Regs, Treasury expanded the definition to include include pass-through entities such as domestic partnerships, corporations, trusts and estates. Putting economic reality before form, Treasury equated individuals with a wide variety of pass-throughs to avoid a severe impact on small businesses.


And with the issue at hand, the need for a solution is more compelling than *Chevron* and 962 elections. First, in *Chevron* and all other such cases before courts, the factual record before the Federal agency is rich and has been fully analyzed by expert opinions and otherwise (see *Southern Offshore Fishing Association v. Daley; North Carolina Fisheries Association v. Daley, California Cattlemen vs. U.S. Fish & Wildlife*). Here, very little was known to Congress or is known to Treasury about the impact 965/962/951A has on small businesses. Thus, extra caution is warranted. Second, the small businesses owned directly by individual U.S. shareholders tend to be much smaller than those run though small business corporations. Third, small businesses inherently lack the ability to unite and obtain effective advocacy assistance.


In summary, the clear intent of TCJA was to assist small businesses <u>and their owners</u>, as seen in IRC 199A and 965(e). While IRC 199A confers a benefit, IRC 965 imposes a draconian cost on small businesses. Given the extreme fact pattern in our case, Treasury has analyzed the

lawful discretion to address the problem.  In the proposed 1.962-2, Treasury did so, looking at economic reality and substance over entity formalities.  Accordingly, Treasury has similar authority to grant IRC 965(e) treatment to individual U.S. shareholders.

### 2.    Treasury has authority to allow IR 250 deductions to taxpayers electing under 1.962-2

For all the reasons get forth above, and for those set forth below, the proposed regulations under 1.962-2 should allow the electing taxpayer to enjoy the deductions under IRC 250.

GILTI is a tremendously complex tax. Unlike the Transition tax, GILTI is annual, imposing on U.S. Shareholders of small businesses a very painful on-going burden. To make matters worse, unlike Google, Apple and other huge corporations, all U.S. Shareholders making the 962 election are not entitled to the benefits of IRC 250 as they are not U.S. corporations.  This is clear, and has recently been reinforced by the U.S. tax court in *Smith vs. IRC.* 151 T.C. 5 (2018).

In *Smith,* the taxpayer made the IRC 962 election and sought to enjoy various benefits as a domestic corporation.  The tax court ruled against the taxpayer saying that the IRC 962 "provisions do not create hypothetical corporations...They simply provide a mechanism that enables an individual U.S. taxpayer to elect what he or she may deem more desirable tax treatment." *Smith* at 21.  "There is nothing in the statutory text to suggest that Congress intended [IRC 962] to apply for any other purposes under the Code, least of all for purposes of section 1(h)(11), which was not enacted until 41 years later."

In our case, there is significant justification to allow the 962 taxpayer to benefit from IRC 250. First, IRC 250 was enacted in 2017, decades after IRC 962 became law.  Congress could not have foreseen IRC 250.

Second, IRC 951A(f)(1)(A) specifically states that:

> "any global intangible low-taxed income included in gross income shall be treated in the same manner as an amount included under section 951(a)(1)(A) for purposes of applying sections ...962."

Moreover, 951A(a)(1)(B) gives Treasury complete authority to provide relief.

> "The Secretary **shall** provide rules for the application of subparagraph (A) to other provisions of this title in any case in which the determination of subpart F income is required to be made at the level of the controlled foreign corporation."

MS_ADMIN 0118

In the case of IRC 951A, GILTI income is determined at the CFC level, with the amount includable as GILTI income.

Given (1) the clear intent of Congress to promote small businesses, (ii) the overwhelming impact GILTI will have on small businesses on an annual basis, (iii) the fact that small businesses receive worse treatment than do massive corporations, and (iv) the clear language of the statute granting Treasury with authority, Treasury has complete authority to allow taxpayers electing under IRC 962 to enjoy the benefits of IRC 250.

Monte Silver, Adv. (Israel & CA)

Silver & Co. Attorneys at Law

Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069

Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799

Fax: +972-9-9603798

Mob: +972-544-232-683

email:  ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

U.S. tax law articles and advocacy updates

**From:** Monte @ Silver Law
**Sent:** 16אוקטובר‎יום ג 2018 12:02
**To:** 'LafayetteChip.Harter@treasury.gov' <LafayetteChip.Harter@treasury.gov>; 'McCall Daniel M' <Daniel.M.McCall@irscounsel.treas.gov>
**Cc:** 'eli.miller@treasury.gov' <eli.miller@treasury.gov>; 'nina.olson@irs.com' <nina.olson@irs.com>; 'william.m.paul@irscounsel.treas.gov' <william.m.paul@irscounsel.treas.gov>; 'david.kautter@treasury.gov' <david.kautter@treasury.gov>; 'Brent.McIntosh@treasury.gov' <Brent.McIntosh@treasury.gov>
**Subject:** New and simple solution to the 965 - Regulatory Flexibility Act issue
**Importance:** High

Dear Chip and Dan

MS_ADMIN 0119

Recently I have spoken to with members of the Movement who are US-based shareholders of S corps which in turn are US Shareholders of CFCs. Many are very small ecommerce businesses and they are quite upset by the whole 965 issue. I have also spoken to a few of their US-based tax professionals who know little about 965/962, and nothing substantive about the proposed regs. As a result of these conversations, I became aware of 965(i) that deals with S corps. How we missed this as a way to resolve the matter I don't know.    I propose an easy solution:

1. A $500,000 net tax liability de-minimis exemption (including shareholders electing 962), rather than the previously $2.5M limit I previously proposed.
2. The 965(i) deferral shall apply to any other (1), individual U.S. Shareholder or (2) individual U.S. Shareholder making an election under IRC 962, who own an interest in a Specified foreign corporation

Under the 965(i) solution:

a. Renouncing a citizenship would remain a trigger for 965(h) and 965(i).
b. Joint liability under 965(i)(5) may be an issue for a CFC
c. Timing. Individual shareholders would need time to make the deferral election.

Good for Treasury and good tax policy

- Allows piggy back on 965(i)
- Provides incentive for higher wealth individual US shareholders not to give up US citizenship as they can defer 965 tax for years.   This leads to increased income/estate tax and capital gains taxes from higher wealth individual US shareholders over the years
- Allows the smallest of small businesses to avoid the grueling compliance costs of 965/regs.

-
Good to Taxpayers

Grants exemption for the smallest businesses which are the mass majority of them

Grants deferral for higher wealth individual US shareholders

Good for Compliance industry

Higher wealth individual U.S. shareholders will require on-going services related to 965(i)

The deminimis exemption is much lower but still a mandatory component. I think this is a great solution. I will call you both to discuss this later this week.

Monte

Monte Silver, Adv. (Israel & CA)

MS_ADMIN 0120

2/13/2020        Gmail - Next steps regarding Treasury's violations of RFA/APA/PRA with regard to 965/962 proposed regulations

 Gmail

**Monte Silver <monte.silver@gmail.com>**

## Next steps regarding Treasury's violations of RFA/APA/PRA with regard to 965/962 proposed regulations

**Monte** <monte.silver@gmail.com>                                                    Sat, Nov 17, 2018 at 9:54 AM
To: steven.mnuchin@treasury.gov, eli.miller@treasury.gov, McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov>,
nina.olson@irs.com, william.m.paul@irscounsel.treas.gov, Major.Clark@sba.gov, LafayetteChip.Harter@treasury.gov,
neomi_rao@omb.eop.gov, linda.mcmahon@sba.gov, John.M.Mulvaney@omb.eop.gov, david.kautter@treasury.gov,
Brent.McIntosh@treasury.gov

Despite having offered Chip a very digestible solution to the issue (965i), as set forth below, his response was "take it
to congress." That is indeed a good suggestion. In fact, with the elections over, many people and a few organizations
indeed plan to take the matter of Treasury's longstanding abuses as detailed in the 2016 GAO report to Congress.
Specifically to Congressman Cummings of the House oversight committee.

In addition, as you can easily see on the web, the movements is actively raising funds to take this matter to court.

Your agencies were offered a way to avoid this. But your agencies rebuffed each attempt, thus exposing your
agencies to consequences far beyond this specifc proposed regulation. There is still time to do the right thing.

Like all past communications, I write this email as a private person who happens to know his rights, not as an
attorney for myself or anyone else. When the time is right, the movement and I will retain legal counsel.


Monte Silver
+972-544-232-683
monte.silver@gmail.com


---------- Forwarded message ---------
From: **Monte @ Silver Law** <ms@silvercolaw.com>
Date: Sat, Nov 17, 2018 at 9:25 AM
Subject: FW: Memo analyzing Treasury's regulatory authority to provide (a) relief under 965(i) to individual U.S.
Shareholders, and (b) IRC 250 deductions to taxpayers electing under 1.962-2.
To: monte.silver@gmail.com <monte.silver@gmail.com>




Monte Silver, Adv. (Israel & CA)

Silver & Co. Attorneys at Law

Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069

Herzelia Pituach 46733  Israel


Tel:  +972-9-9603799

Fax:  +972-9-9603798

Mob: +972-544-232-683

MS_ADMIN 0121

 Gmail

Monte Silver <monte.silver@gmail.com>

## Additional offer to resolve 965/962/951A issues of Small Businesses amicably
1 message

**Monte** <monte.silver@gmail.com>                                                    Wed, Dec 5, 2018 at 12:08 PM
To: steven.mnuchin@treasury.gov, eli.miller@treasury.gov, McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov>,
nina.olson@irs.com, william.m.paul@irscounsel.treas.gov, Major.Clark@sba.gov, LafayetteChip.Harter@treasury.gov,
neomi_rao@omb.eop.gov, linda.mcmahon@sba.gov, John.M.Mulvaney@omb.eop.gov, david.kautter@treasury.gov,
Brent.McIntosh@treasury.gov

I once again offer to resolve the matter amicably.  I am a marathon runner and our movement is and will continue to
go all the way on various fronts. Is this the way you wish to spend your time and resources?

As always I remain open to dialogue.

MS_ADMIN 0122



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

PRIVACY, GOVERNMENTAL
LIAISON AND DISCLOSURE

October 5, 2018

Tal Solomon
2 Shibolet Street
Ramat Hasharon 47240
Israel

Dear Tal Solomon:

This is our final response to your Freedom of Information Act (FOIA) request dated August 27, 2018, that we received on August 27, 2018.

You asked for documents which were relied on in support of Secretary Mnuchin's July 2018 certification under section 305(b) of the Regulatory Flexibility Act that the proposed regulations titled "Guidance Regarding the Transition Tax Under Section 965 and Related Provisions" ("Proposed Regulations") would not:

1. impose a collection of information on small entities.
2. have a significant economic impact on a substantial number of small entities.

Of the 1,104 pages located in response to your request, I am enclosing 3 pages. I am withholding 2 pages in part and 1,101 pages in full under FOIA exemptions (b)(3) and (b)(5).

• The withheld portions are the return information of other taxpayers. FOIA exemption (b)(3) requires us to withhold information that is specifically exempted from disclosure by another law. The law supporting this exemption is Internal Revenue Code (IRC) section 6103(a).

• FOIA exemption (b)(5) exempts from disclosure inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects documents that reflect the pre-decisional opinions and deliberations that play a direct part in the process of making recommendations on legal or policy matters.

The redacted portions of each page are marked by the applicable FOIA exemptions.

This constitutes a partial denial of your request.

## FOIA FEES

We charged no fees for processing this request.

## APPEAL RIGHTS

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. I have enclosed Notice 393, *Information on an IRS Determination to Withhold Records Exempt From the Freedom of Information Act - 5 U.S.C. 552*, to explain your appeal rights.

If you would like to discuss our response before filing an appeal to attempt to resolve your dispute without going through the appeals process, you may contact me, the FOIA Public Liaison, for assistance at:

David Nimmo
Internal Revenue Service
Disclosure Office 13
24000 Avila Road, M/S 2201
Laguna Niguel, CA 92677
949-575-6328

The FOIA Public Liaison responds to FOIA and Privacy Act requests for copies of documents maintained by the IRS. There is no provision in either Act to resolve tax, collection, or processing issues and our staff is not trained to answer questions regarding those issues. If you need assistance with tax related issues you may call the IRS toll free number at 1-800-829-1040.

If you are unable to resolve your FOIA dispute through our FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
ogis.archives.gov

If you have any questions please call Tax Law Specialist, Michael C. Young, ID # 1000436696, at 949-575-6406 or write to: Internal Revenue Service, HQ FOIA – Stop 211, PO Box 621506, Atlanta, GA 30362. Please refer to case number F18239-0035.

MS_ADMIN 0124

Sincerely,

David Nimmo

David Nimmo
Disclosure Manager
Disclosure Office 13

Enclosures: Responsive Pages (3) and Notice 393

**Perkins Leni C**

| | |
|---|---|
| **From:** | Jenkins Rose E <Rose.E.Jenkins@irscounsel.treas.gov> |
| **Sent:** | Wednesday, June 20, 2018 3:55 PM |
| **To:** | Stahl Raymond J; Perkins Leni C |
| **Subject:** | RE: Section 965 NPRM Pink Circulation Draft (6-19-18)(checked) (2) PRA RFA |
| **Attachments:** | Comments 6-20-18].docx |

Attached is my stab at responding to her comments. [                    ]   (b)(5)

**From:** Stahl Raymond J [mailto:Raymond.J.Stahl@irscounsel.treas.gov]
**Sent:** Wednesday, June 20, 2018 12:27 PM
**To:** Jenkins Rose E; Perkins Leni C
**Subject:** FW: Section 965 NPRM Pink Circulation Draft (6-19-18)(checked) (2) PRA RFA

Sigh.

**From:** Lesniak Emily M [mailto:Emily.M.Lesniak@irscounsel.treas.gov]
**Sent:** Wednesday, June 20, 2018 12:22 PM
**To:** Stahl Raymond J
**Subject:** Section 965 NPRM Pink Circulation Draft (6-19-18)(checked) (2) PRA RFA

Some thoughts are attached.

1

**Perkins Leni C**

| | |
|---|---|
| **From:** | Stahl Raymond J <Raymond.J.Stahl@irscounsel.treas.gov> |
| **Sent:** | Tuesday, June 19, 2018 5:49 PM |
| **To:** | Lesniak Emily M |
| **Cc:** | Jenkins Rose E; Perkins Leni C |
| **Subject:** | Section 965 NPRM Pink Circulation Draft (6-19-18)(checked) (2) PRA RFA |
| **Attachments:** | Section 965 NPRM Pink Circulation Draft (6-19-18)(checked) (2) PRA RFA.docx |

Hi Emily,

Thanks again for talking through my RFA and PRA questions this afternoon. In track changes, please find attached a working draft of the PRA and RFA language that we discussed. I'd appreciate your thoughts. After we get your input, I'll share this with our Treasury counterparts. They are Robust Editors, but I'll ask them to work with Heidi on any edits.

Best wishes,
Ray

1

**Perkins Leni C**

| | |
|---|---|
| From: | McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov> |
| Sent: | Tuesday, June 19, 2018 1:26 PM |
| To: | Jenkins Rose E; Stahl Raymond J; Perkins Leni C |
| Subject: | |
| Attachments: | (b)(5 |

You may have this already, 

(b)(5)

(This may or may not be on point, so please let me know if you want to discuss!) (b)(5)

1



**Monte @ Silver Law**

| | |
|---|---|
| **From:** | McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov> |
| **Sent:** | יום שלישי 21 אוגוסט 2018 17:31  *Avgst 21* |
| **To:** | Monte @ Silver Law |
| **Subject:** | 965 reg hearing |

Hello Monte,

I understand you sent a message regarding the above. We have submitted this message to www.regulations.gov, and it will be posted as a public comment to the REG-104226-18 docket. Further, we will schedule a hearing on the proposed regulations. Information on the hearing will be available at www.regulations.gov in the REG-104226018 docket folder.

Comments to the regulations may be sent to CC:PA:LPD:PR (REG-104226-18), room 5203, Internal Revenue Service, P.O. Box 7604, Ben Franklin Station, Washington, DC 20044. Submissions may be hand-delivered Monday through Friday between the hours of 8 a.m. and 4 p.m. to CC:PA:LPD:PR (REG-104226-18), Courier's Desk, Internal Revenue Service, 1111 Constitution Avenue, NW, Washington, DC 20224, or sent electronically via the Federal eRulemaking Portal at www.regulations.gov (indicate IRS and REG-104226-18).

For questions concerning submissions of comments and the public hearing, please contact Regina Johnson at (202) 317-6901 (not toll-free numbers).

Please let me know if you have any questions.

Sincerely,
Dan

MS_ADMIN 0129

**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום שלישי 21 אוגוסט 2018 17:42   *August 21* |
| **To:** | McCall Daniel M |
| **Subject:** | RE: 965 reg hearing |

Hi Dan

How are you?  Thx for the update re the hearing. Very good news even if not RFA compliant.

As to posting my comment, pls do not.  I have not yet completed the review of the proposed regs to see what the scope of the comment is and am presently pre-occupied with other things.  I will definitely draft and post a comment asap.

Thx Monte


Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax:  +972-9-9603798
Mob: +972-544-232-683
email:  ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

U.S. tax law articles and advocacy updates


**From:** McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov>
**Sent:** יום ג 21אוגוסט2018 17:31
**To:** Monte @ Silver Law <ms@silvercolaw.com>
**Subject:** 965 reg hearing

Hello Monte,

I understand you sent a message regarding the above. We have submitted this message to www.regulations.gov, and it will be posted as a public comment to the REG-104226-18 docket.  Further, we will schedule a hearing on the proposed regulations.  Information on the hearing will be available at www.regulations.gov in the REG-104226018 docket folder.

Comments to the regulations may be sent to CC:PA:LPD:PR (REG-104226-18), room 5203, Internal Revenue Service, P.O. Box 7604, Ben Franklin Station, Washington, DC 20044.  Submissions may be hand-delivered Monday through Friday between the hours of 8 a.m. and 4 p.m. to CC:PA:LPD:PR (REG-104226-18), Courier's Desk, Internal Revenue Service, 1111 Constitution Avenue, NW, Washington, DC 20224, or sent electronically via the Federal eRulemaking Portal at www.regulations.gov (indicate IRS and REG-104226-18).

1

MS_ADMIN 0130

## Monte @ Silver Law

| | |
|---|---|
| **From:** | Johnson Regina L <Regina.L.Johnson@IRSCOUNSEL.TREAS.GOV> |
| **Sent:** | 19:30 2018 אוגוסט 28 יום שלישי  *August 28* |
| **To:** | Monte @ Silver Law |
| **Subject:** | Public Comment REG-104226-18 |

| | |
|---|---|
| **Importance:** | High |

Can you provide a more direct public comment that addresses the issues of the regulation and the request of a public hearing?

Thank you, I would appreciate it.

Regina Johnson

**From:** Monte @ Silver Law [mailto:ms@silvercolaw.com]
**Sent:** Tuesday, August 14, 2018 10:03 AM
**To:** Perkins Leni C
**Cc:** eli.miller@treasury.gov; david.kautter@treasury.gov; Major.Clark@sba.gov; Claudia.Rodgers@sba.gov; LafayetteChip.Harter@treasury.gov; Heidi.Cohen@treasury.gov; Neviana.Petkova@treasury.gov; Zent Brenda; LafayetteChip.Harter@treasury.gov
**Subject:** Request of email of Regina Johnson to request a hearing on the 965 regs

Hi Leni

I decided to try and see what it is like for a small business to ask for a hearing. Of course, I am not the average small business. I am among the the most knowledge small business persons there are in the world on the subject. I am also a tax lawyer who really enjoys this stuff. Not many small business owners like me out there.

1. So lets assume that I am an average small business person who actually has heard something about a proposed rule. Not very likely.
2. Then lets assume that is would even dawn on me that I might try to see that this is all about. Again, I am a very busy business owner, but lets just say.
3. Then lets assume that I have the time and some degree of creativity and google the right words – proposed rule 965 treasury. Now, a small business owner may not know what 965 it. But lets assume. After going through a few links, I personally got to https://www.irs.gov/pub/irs-drop/reg-104226-18.pdf. I see a document with 250 pages. I immediately close this document and give up
4. But lets assume that I flip through this and try to read a few lines. Pure Chinese. I give up
5. But lets assume that I really want to invest lots of time in this to see if there is anything I can do. So I call a few friends. Most of them know nothing of this as they are not small business owners. I call my CPA - a one person shop. The CPA tells me that this is a document that is probably made public for comment and so I should look for a hearing opportunity. So I go back to the internet and to the document.
6. Now, assume that my eyes do roll over but I do see something about a hearing.
7. Now assume that I, being a small business, would even think about spending the time and money to even be remotely thinking about going to a hearing and leaving my business
8. Now assume that I find the part about the hearing. It says this: "Written or electronic comments and requests for a public hearing must be received by [INSERT DATE 60 DAYS AFTER PUBLICATION OF THIS DOCUMENT IN THE FEDERAL REGISTER]." As I have not idea when the publication was, I give up.
9. I have no idea what a hearing is, or what I could possibly say at a hearing. I am just the owner of a coffee show in Frankfurt. But at least in theory I want my "day in court". I want to vent and tell the world how damaging this law is to me.
10. So lets assume that I go to the Federal Register....

MS_ADMIN 0131



**Monte @ Silver Law**

| | |
|---|---|
| **From:** | Monte @ Silver Law |
| **Sent:** | יום רביעי 12 ספטמבר 2018 17:32   *Sent 12* |
| **To:** | Regina.L.Johnson@IRSCOUNSEL.TREAS.GOV |
| **Cc:** | McCall Daniel M |
| **Subject:** | Removal of supporting documents from the www.regulations.gov site |
| **Attachments:** | Supporting docs.jpg |

Hi Regina

Can you pls have the five documents listed as supporting documents on the www.regulations.gov site removed?  I provided Treasury/IRS these docs in emails, not as a comment.  And in any case these docs are included in my formal submission.

See attached

Thx


Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax: +972-9-9603798
Mob: +972-544-232-683
email:  ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

U.S. tax law articles and advocacy updates

MS_ADMIN 0132

Export   Sign up |

Sort By:   Comments Due

## Filter Results By...

### Document Type ❶

Clear Filter

- Notices
- Proposed Rule
- Rule
- ✓ Supporting & Related Material
- ✓ Other
- Public Submission (3)

### Posted ❶

Search All

### Comments Due ❶

Search All

### Document SubType ❶

View All

No matching Document SubType

**5 results**

Results per page  25 ▼

**Guidance Regarding Transition Tax under Section 965 and Related Provisions**
Supporting & Related Material   Posted: 06/12/2018   ID: IRS-2018-0019-0011

Comments

**Analysis of certification**
Supporting & Related Material   Posted: 06/12/2018   ID: IRS-2018-0019-0011

Comments

**Guidance Regarding Transition Tax under Section 965 and Related Provisions**
Supporting & Related Material   Posted: 06/12/2018   ID: IRS-2018-0019-0016

Comments

**Guidance Regarding Transition Tax under Section 965 and Related Provisions**
Supporting & Related Material   Posted: 06/12/2018   ID: IRS-2018-0019-0013

Comments

**Guidance Regarding Transition Tax under Section 965 and Related Provisions**
Supporting & Related Material   Posted: 06/12/2018   ID: IRS-2018-0019-0014

Comments

MS_ADMIN 0133

## Monte @ Silver Law

**From:**        McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov>
**Sent:**        00:16 2018 יום שישי 07 ספטמבר  *Sept 7.*
**To:**          Monte @ Silver Law
**Subject:**     RE: 965 reg hearing

Hi Monte,

I'm told that it would help things along if you would kindly go to the following link, which goes directly to the comment portal: https://www.regulations.gov/comment?D=IRS-2018-0019-0001). You would then submit a comment to simply request a hearing (for example: "I would like to request a hearing on REG-104226-18."). That's all that's needed to advance the hearing process.

Then, once the hearing is scheduled, potential speakers are required to submit a written outline of their topics to be discussed ahead of the hearing. The submissions must be sent to CC:PA:LPD:PR (REG-104226-18), Room 5205, Internal Revenue Service; PO Box 7604; Ben Franklin Station; Washington, DC 20044. Additional information about the hearing and the speaker's outline will be available in the notice of hearing when it is published. If no one requests to speak and no speaker outlines are received, the hearing will be cancelled.

For questions concerning submissions of comments and the public hearing, please contact Regina Johnson at (202) 317-6901 (not a toll-free number).

Thank you very much,
Dan

**From:** Monte @ Silver Law [mailto:ms@silvercolaw.com]
**Sent:** Tuesday, August 21, 2018 10:42 AM
**To:** McCall Daniel M
**Subject:** RE: 965 reg hearing

Hi Dan

How are you?  Thx for the update re the hearing. Very good news even if not RFA compliant.

As to posting my comment, pls do not. I have not yet completed the review of the proposed regs to see what the scope of the comment is and am presently pre-occupied with other things. I will definitely draft and post a comment asap.

Thx Monte


Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733 Israel

Tel:  +972-9-9603799
Fax: +972-9-9603798
Mob: +972-544-232-683
email: ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

MS_ADMIN 0134



## Monte @ Silver Law

| | |
|---|---|
| **From:** | McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov> |
| **Sent:** | יום שני 10 ספטמבר 2018 17:50  *Sept 10* |
| **To:** | Monte @ Silver Law |
| **Subject:** | RE: 965 reg hearing + comment |

Monte,

Feel free to try me between 12p and 5:30p ET this afternoon if that works for you.

Dan
202-317-4976

**From:** Monte @ Silver Law [mailto:ms@silvercolaw.com]
**Sent:** Sunday, September 09, 2018 2:30 AM
**To:** McCall Daniel M
**Subject:** RE: 965 reg hearing + comment

Hi Daniel

It has dawned on me over the weekend that even if one million Americans submit a comment stating that their businesses will go bankrupt as a result of the proposed rules, Secretary Mnuchin has no choice but to certify that the rules do not have a significant impact on a substantial number of small businesses.  Why?  Treasury failed to issue an Initial Regulatory Flexibility Analysis so it is stuck with the certification route.

So despite having easily spent over 100 hours on trying to understand the proposed rules and draft a comment (which is pretty much complete), I ask myself what is the point in submitting it?  And how do I know that anything I or anyone else comments on will not be used against the Movement?  Why not just trash the comment, not ask for a hearing (which is costly to attend time and money wise), wait out the comment period, and if Treasury does not give us an exemption, then file a simple RFA lawsuit?

I am happy to submit the comment if it helps the Movement, but to address my concerns, I would like to speak to you this week if you have time.  I give you my word that anything we discuss will not be referenced beyond the call.

Monte


Monte Silver, Adv. (Israel & CA)
Silver & Co. Attorneys at Law
Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069
Herzelia Pituach 46733  Israel

Tel:  +972-9-9603799
Fax:  +972-9-9603798
Mob: +972-544-232-683
email:  ms@silvercolaw.com


www.linkedin.com/in/americantaxsolutions


Updates on US tax law and tax advocacy

1

MS_ADMIN 0135

# Small sample of emails from small business owners to Defendants



MS_ADMIN 0136

# Additional sample of emails from small business owners to Defendants






**Barton Friedland** <bjf@acm.org>

to william.m.paul, lafayettechip.harter, david.kautter, arlene.preston, Leni.c.perkins, Barbara.angus, aaron.junge, Kara.getz, Notice.comments, me, Tiffany_Smith, mark_prater ▾

Fri, May 4, 2018, 12:49 PM

My name is Barton Friedland. I am an American living in London, United Kingdom and I vote in California.

As you may be aware, the Repatriation Tax and GILTI Tax regime have trulycreated chaos in the lives of people like me – American professionals andbusiness owners living abroad. Unlike corporate giants such as Google and Applewho are hoarding billions of profits in overseas subsidiaries, I am probablyjust like you: an ordinary, law-abiding person seeking to live my life andraise a family in the community I call home.

For years I have quietly suffered, being collateral damage in tax battlesbetween the U.S. Government on the one hand and wealthy U.S. based companiesand persons that may have been abusing the tax system o the other. But theRepatriation Tax and GILTI regimes have forced me to speak out, explain mysituation and demand relief. Not only am I being viewed in the same way as alarge, aggressively tax-structured multinational corporation, but I am beingtreated much worse. First, I cannot access the tax credits and deductions thatthese companies are entitled to, thus I am unable to minimize or avoid thesetaxes like they d Second, I am now obligated to deal with exceedingly complextax and filing requirements which neither I nor my tax adviser can understandbecause of incomplete IRS guidance. These new rules have come completely out ofthe blue and I am terrified to think of what they might cost me.

A common sense solution is at hand. Americans overseas with interests inforeign corporations should be exempt from the Repatriation Tax and from theGILTI regime for any given year so long as: (1) we meet the conditions requiredfor exemption under IRC Section 911, and (2) we are individual U.S.Shareholders. This solution both achieves the U.S. government's goal ofcapturing corporate tax it has been long-denied, and recognizes that theprofits our businesses generate were always meant to remain in the place wherewe have made our lives.

We understand that Congress will struggle to enact a remedy as soon as werequire. Therefore, we urge the Treasury and IRS to take the following actions:

1. Issue an immediate notice stating that for Americans abroad, the firstpayment under IRC Section 965 is due the earlier of October 15, 2018, orthe issuance of further guidance.
2. Issue a further notice in line with our proposal.

There is precedence to the Treasury/IRS taking both such actions:

• In issuing regulation 1.6038D-2, the Treasury added both the IRC Section 911and dollar conditions that did not appear in the law in order to clarify theimplementation of FATCA.
• Congress passed IRC Section 2801 (dealing with the taxation of Americansgiving up citizenship) in 2008. However, realizing that problems existed withthe law, in October 2009 the Treasury/IRS froze its implementation pendingfurther evaluation. To date the Treasury/IRS have yet to implement thelaw.

The Repatriation Tax and GILTI Tax regime are far more damaging to me thaneither of the above examples. They drastically (and unintentionally) hurt meand millions of law abiding Americans overseas just like me And unlikethe Section 2801 provision, I am not someone who is giving up my citizenship toavoid estate and gift tax. I am just an ordinary person who is being seriouslyharmed by an accidental policy flaw.

Thank you for your attention and I sincerely hope that the Treasury/IRS canaddress this matter until such time as Congress acts.

Respectfully,

MS_ADMIN 0138