IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SILVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-247-APM |
| ) | |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD AND FOR OTHER RELIEF**

Plaintiffs have not justified their request for the relief sought in their Motion to Complete the Administrative Record and for Other Relief. The IRS has prepared and certified the record, and it is entitled to a strong presumption that it has properly done so:

> Once an agency presents a certified copy of the complete administrative record to the court, the court presumes that the record is properly designated. Common sense dictates that the agency determines what constitutes the "whole" administrative record because "[i]t is the agency that did the 'considering,' and that therefore is in a position to indicate initially which of the materials were 'before' it—namely, were 'directly or indirectly considered.'"

*Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (internal citations omitted). The administrative record can be supplemented:

> (1) if the agency "deliberately or negligently excluded documents that may have been adverse to its decision," (2) if background information was needed "to determine whether the agency considered all the relevant factors," or (3) if the "agency failed to explain administrative action so as to frustrate judicial review[.]"

1

*City of Dania Beach v. F.A.A.*, 628 F.3d 581, 590 (D.C. Cir. 2010), quoting *American Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008). "Clear evidence" that the record is incomplete is required to supplement the certified record. *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d at 5. Plaintiffs offer nothing, let alone clear evidence, to undermine that presumption here.

Plaintiffs do not provide any evidence the administrative record is incomplete. *Plaintiffs* point to A.) emails from Plaintiff Monte Silver, B.) emails from third parties, C.) alleged lack of email from government officials, and D.) the agency's response to a FOIA request as evidence that the administrative record is incomplete. We demonstrate below that Plaintiffs' evidence does not support the conclusion that the record is incomplete. Indeed, much of Plaintiffs' alleged missing items are found in the administrative record or were properly excluded.[1]

The administrative record should include materials that the agency considered in making its decision. *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d at 4. In this case, the agency decision under examination is the IRS's certification that the regulation in question will not have a significant economic impact on a substantial number of small entities within the meaning of the Regulatory Flexibility Act, and

---

[1] As the court has already noted in *sua sponte* denying Plaintiffs' motion to expedite consideration of the pending Motion to Complete the Record, it "will rule on Plaintiffs' request to add to the administrative record in conjunction with the parties' summary judgment briefing." (Minute Order of April 24, 2020.) Indeed, that is the procedure the parties previously agreed to follow in the event Plaintiffs believed that any pertinent materials were inadvertently omitted from the administrative record, as more fully described in Defendants' April 20 letter to Plaintiffs. (*See* Doc. 39-2 at 3-4.) Also, although Plaintiffs state they wish to rely on only "several" additional documents in their summary judgment briefing (Doc. 40 at 2), they have asked the Court to add more documents than that (totaling 53 pages) to the record. (*See* Doc. 39-3 at 3-55.) If Plaintiffs do not intend to rely on all the material they are asking the Court to add to the record, then there is no need to add all of those materials to the record.

whether requirements under the Paperwork Reduction Act were met.[2] Many of the materials that Plaintiffs ask the Court to add to the record – among the ones that are not already there – are of a nature that shed no light on those questions or, indeed, on any determination about the content of the regulation. It is no wonder that the IRS did not consider those materials and, thus, did not include them in the record for consideration in this case. Other materials are ones that Plaintiff Monte Silver himself asked the IRS to exclude from his comments. Regardless, Plaintiffs have made no showing, much less one supported by clear evidence, that would permit supplementation of the record under the standards discussed above.

Further, Plaintiffs provide no support for their request that the Court preclude the United States from relying on any materials that the Court orders be added to the administrative record.

I. <u>Plaintiffs have not provided any evidence that the administrative record is incomplete.</u>

   A. *Mr. Silver's Emails.*

Plaintiffs ask to add emails from Plaintiff Monte Silver.[3] Those emails either already appear in the record, or any relevant substance contained in those emails is contained in the record as part of Mr. Silver's formal comments submitted to the IRS, or they were properly excluded. Exhibit A contains a chart summarizing each of the emails from Mr. Silver that

---

[2] Defendants contend that judicial review is not available under the Paperwork Reduction Act, but they acknowledge that it is an issue the Court has identified as having been raised. (*See* Doc. 29 at 6.)

[3] Plaintiffs attach those emails to their Motion to Complete the Record as MS_ADMIN 86-122 and 129-135. (Doc. 39-3 at 3-39, 46-52.) When Plaintiffs consulted with Defendants prior to filing that Motion, they did not ask Defendants to consider the emails now presented at MS_ADMIN 129-135. In their letter of April 7, Plaintiffs asked Defendants their views on adding only the pages identified as MS_ADMIN 1-128 to the administrative record. (*See* Doc. 39-1 at 1-2.)

Plaintiffs ask the Court to add to the record. The chart identifies citations to the administrative record where the email or its substance appears in the record as filed.

Moreover, and beyond simply failing to present evidence to show that the record is incomplete, Plaintiffs fail to discuss that it was *Mr. Silver who requested that the agency not include his email*. Mr. Silver previously expressed his view that his emails (other than those he attached to his formal comments) should *not* be considered part of his comments. The administrative record already contains 14 specific pages of Mr. Silver's emails.[4] Mr. Silver attached some of the emails as exhibits to the official comments he submitted to the IRS. He included the substance of others in the formal comments he submitted. In particular, the text from the following pages already appears in Mr. Silver's public comments, either identically (MS_ADMIN 87, 92, 94-99, and 106-107) or as updated and modified in Mr. Silver's official comments (MS_ADMIN 101-104). (Doc. 39-2 at 2.) Mr. Silver's entire comments appear at ADMIN_002459-2492, and the attached emails appear at ADMIN_002471, 2479-80 and 2486-88. Plaintiffs do not dispute that those emails already appear in the administrative record, yet they still ask the Court to "add" those emails to the record.

The remaining emails authored by Mr. Silver that Plaintiffs ask the Court to add to the record consist of threats, logistical comments and transmittals.[5] In addition, there are several

---

[4] The Defendants pointed out these 14 pages to Plaintiffs before Plaintiffs filed this motion. Plaintiffs incorrectly state that Defendants pointed to 8 pages of emails. (Doc. 39 at 3 n.1.)

[5] Indeed, Mr. Silver continues to email IRS employees about this litigation. As recently as April 28, Mr. Silver sent a taunting email to two IRS officials, including the official who certified the administrative record in this case. That email followed quickly on the heels of another email of similar tone that Mr. Silver sent to various Treasury, IRS and other government officials on April 24. Both emails are attached as Exhibit C. Mr. Silver's counsel advised that he was unaware of those communications and that he will address his client's behavior.

emails dated after the close of the comment period that reiterate prior arguments that Mr. Silver already included in his public comments, cite third party sources and threaten congressional actions and lawsuits.

Plaintiffs wrongly contend that those emails were not included in the record "because the agency did not receive the e-mails through its preferred method." (Doc. 39 at 5.) In fact (as Defendants described in their April 20 letter to Plaintiffs), the IRS began uploading Mr. Silver's emails – ones that he did not include with his official comments – to the website www.regulations.gov, where they would have been treated as public comments and included in the record like every public comment. (*See* Doc. 39-2 at 2.) Plaintiff Silver *asked the IRS not to include his emails in his comments*. First, on August 21, 2018, Mr. Silver wrote to Daniel McCall after being informed that an earlier email would be included in www.regulations.gov. Mr. Silver wrote, "As to posting my comment, pls [sic] do not. I have not yet completed the review of the proposed regs to see what the scope of the comment is and am presently pre-occupied with other things. I will definitely draft and post a comment asap." (Doc. 39-3 at 47.) Then, on September 12, 2020, after seeing his emails on www.regulations.gov, Mr. Silver sent an email to Regina Johnson asking, "Can you pls [sic] have the five documents listed as supporting documents on the www.regulations.gov site removed? I provided Treasury/IRS these docs in emails, not as a comment." (Doc. 39-3 at 49.)[6] Having asked the IRS to exclude these emails

---

[6] Those emails, identified at MS_ADMIN 130 and 132, are among the emails that Plaintiffs ask the Court to add to the record. As explained above, review of the emails that Plaintiffs seek to include support Plaintiff Silver's statement to Ms. Johnson that the relevant portions of his emails have been either copied or rewritten into his comments that appear in the record.

from his comments, Plaintiffs cannot now argue that the IRS improperly excluded Mr. Silver's emails from the administrative record before this Court.

Accordingly, Plaintiffs failed to provide evidence that Mr. Silver's emails were improperly excluded from the administrative record.

B.      *The List of Emails and One Third-Party Email.*

Plaintiffs also ask the Court to include a two-page list of additional emails (MS_ADMIN 136-37 (Doc. 39-3 at 53-54)) – and one email in full (MS_ADMIN 137 (Doc. 39-3 at 55)) – allegedly from other small business owners about the challenged regulation.[7] This list of emails was presented for the first time in this litigation and thus was not before the IRS and could not have formed part of its decision-making process. Also, it is baffling to try to fathom how a mere list of emails could add to anyone's understanding of the procedural challenges that Plaintiffs raise in this case, especially with no evidence from Plaintiffs of the contents of those emails. The Court should decline to add the list of emails since the IRS did not consider it in formulating the regulation in question and also because Plaintiffs did not satisfy the requirement that they demonstrate that the email list will aid the Court in its review of the agency's compliance with the Regulatory Flexibility Act or the Paperwork Reduction Act.

Plaintiffs claim the list contains examples of emails from other small business owners that they allege are missing from the administrative record. Searching the record based on the scant identifying information provided in the list of emails at MS_ADMIN 136-37 shows that

---

[7] These pages were not part of the documents that Plaintiffs presented to Defendants for consideration before filing their present motion. In their letter of April 7, Plaintiffs asked Defendants their views on adding only the pages identified as MS_ADMIN 1-128 to the administrative record. (*See* Doc. 39-1 at 1-2.)

nearly all the underlying emails from the list are, in fact, included in the record. Even though Defendants requested them, Plaintiffs failed to provide a printout of the underlying emails listed at MS_ADMIN 0136-37 (Doc. 39-3 at 53-54) so that Defendants or the Court could more easily determine whether they are already in the record.[8]

Plaintiffs do not seek to include the full emails on their list, just the list. Plaintiffs then point to the list to call into question "the completeness of the record compiled by the agency and filed by the defendants." (Doc. 39 at 5.) To the contrary, the government has been able to locate a likely match in the record to every email listed at MS_ADMIN 136-137, with the following few (and irrelevant) exceptions: (1) an email suggesting that Mr. Silver check his Google account security setting; (2) one illegible email; and (3) an internal discussion that does not appear to have been sent to the IRS. A chart that includes citations to the record showing where Defendants believe the underlying emails may be found, based on the identifying information available on Plaintiffs' email list, is attached as Exhibit B.

Plaintiffs' assertion that the list demonstrates that the record is incomplete is further undermined by the one email Plaintiffs produced in full. The sole third party-email produced in full by Plaintiffs (MS_ADMIN 137) is readily located in the record. This email is from another

---

[8] This is not the first instance in which Defendants have taken substantial time to locate in the record numerous items that Plaintiffs alleged were missing. Plaintiffs included 85 comments on the proposed regulation in the materials they originally designated as missing from the administrative record. (*See* Doc. 39-1 at 2.) Defendants located the first 45 of those comments in the filed record largely by using the table of contents that was filed with the record. Defendants communicated that information to Plaintiffs and asked Plaintiffs to review the remainder of their designated comments and provide an updated list of any they still believed were missing. (*See* Doc. 39-2 at 1-2.) Plaintiffs never did so. Indeed, Plaintiffs do not include any of those 85 comments in their Motion to Complete the Administrative Record, and they acknowledge that any issue as to the 85 comments is resolved. (*See* Doc. 39 at 2 n.1.)

small business owner, Barton Friedland. (*See* Doc. 39-3 at 55.) Mr. Friedland's email is located in the filed administrative record at ADMIN_001832-33.

Accordingly, Plaintiffs failed to provide evidence in support of their argument that the record improperly omitted email from other alleged small business owners.

    *C.*    *Alleged Lack of Email from Government Officials.*

Plaintiffs next alleged that "[t]he record filed by defendants contains almost no e-mail received or generated by any government employee involved in the decision making process." (Doc. 39 at 5.) The emails from Mr. Silver in the record and the email from Mr. Friedland contain email with government officials involved in the decision-making process. The rest of the record includes approximately 600 pages of emails. Almost all of them have a government official on them.[9] And while many of these emails also include the address "Notice.comments@IRScounsel.treas.gov," many do not and were only sent to particular officials. In addition to general comments submitted by email, the record contains calculation questions emailed to the IRS directly or forwarded from other IRS employees received in the course of their employment. (*See, e.g.*, ADMIN_001499, 1555-56, 2757-58, 2799.) Moreover, the fact that the IRS tried to add Plaintiff Silver's emails to the public comments, before he asked for them to be removed, shows the IRS's practice was to include in the record emails it received from the public that contained comments relating to the section 965 regulations. In any event, "showing a theoretical possibility that other documents not in the record exist" is not enough to overcome the presumption that the agency properly designated the record. *Blue Ocean Inst. v.*

---

[9] A search of "@Treas" (included in the email address for Treasury and IRS officials), yields 437 results in the record as filed on April 2.

*Gutierrez*, 503 F. Supp. 2d 366, 371 (D.D.C. 2007).

Accordingly, Plaintiffs fail to produce evidence to support their claim that the administrative record is missing email from government officials.

D. *The FOIA Response.*

Plaintiffs attempt to support their claim that the administrative record is incomplete by pointing to a FOIA response. The pages that Plaintiffs identify as a FOIA response at MS_ADMIN 123-128 (Doc. 39-3 at 40-45) properly are not included in the record. The content of those pages appears to shed little light on the issues Plaintiffs have raised for judicial review in this action. The FOIA response letter (Doc. 39-3 at 40-42) shows the fact of a FOIA request, states that responsive pages were withheld based on the deliberative process privilege and/or because they contained return information of other taxpayers that is protected from disclosure under 26 U.S.C. § 6103, and encloses three pages of responsive emails, two of which contain redactions to protect deliberative materials (Doc. 39-3 at 43-45). A review of those pages shows no content that would help answer the question whether the IRS properly followed the Regulatory Flexibility Act when it certified that the final regulations will not have a significant economic impact on a substantial number of small entities. Likewise, those pages show no information that would help determine whether the agency satisfied the Paperwork Reduction Act. Plaintiffs do not explain otherwise.

Also, contrary to Plaintiffs' suggestion (Doc. 39 at 6), the absence of a privilege log regarding the documents withheld from production in response to a FOIA request does not call into question the integrity of the record. Applicable law does not require Defendants to prepare a privilege log to identify documents that are not part of the administrative record. Privileged documents are not part of the record on review, and Defendants are not required to produce a

privilege log for them.[10] *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("[T]he District Court did not abuse its discretion by declining to require that the Fisheries Service include on a privilege log those documents that the agency excluded from the administrative record because they were deemed predecisional and deliberative. The District Court correctly observed that predecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record.") (internal citations and quotation marks omitted); *see also Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 122 (D.D.C. 2014) ("In this Circuit, requests for privilege logs of documents that may have been withheld from an administrative record on grounds of privilege or deliberative process are routinely denied.") (collecting cases).[11]

Accordingly, Plaintiffs fail to produce evidence from the FOIA response that the administrative record is incomplete.[12]

---

[10] Although Plaintiffs initially asked Defendants to prepare a privilege log in their letter of April 7 (Doc. 39-2), it is perhaps unsurprising that Plaintiffs do not seek that relief in their present motion, as they are not entitled to that relief.

[11] Similarly, and contrary to Plaintiffs' implications, the Freedom of Information Act does not *per se* require an agency to create a privilege log or list that identifies the specific records being withheld ("Vaughn Index"). *Tax Analysts v. IRS*, 414 F. Supp. 2d 1, 4 (D.D.C. 2006). In any event, the Government's claimed exemptions are beyond the scope of this case, and Plaintiffs lack standing because they, once again contrary to their assertion, did not make the FOIA request. (The letter reads "Dear Tol Solomon.")

[12] In any event, as discussed above in note 1, if Plaintiffs somehow try to rely on any of the identified FOIA pages in support of their motion for summary judgment, only then should the Court determine whether they should be added to the record. That result is in accord with the prior agreement of the parties, and it will allow a better opportunity – in the context of the relevant issues – for consideration of whether the materials should be considered part of the record.

II.   <u>Plaintiffs do not justify their request to prevent Defendants from relying on any materials the Court adds to the administrative record.</u>

Plaintiffs give no authority or explanation for their request to prevent Defendants from relying on any materials the Court adds to the record, in the event the Court grants any part of Plaintiffs' pending motion. Indeed, if materials are part of the record, they should be available for any party to cite. Regardless, in reviewing the administrative action here, "*the court* shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706 (emphasis added). In the event the Court adds any materials to the record, it will be entitled to review them and will not be limited in viewing them in support of just one party.

III.   <u>Conclusion.</u>

Plaintiffs have failed to meet their burden of demonstrating by clear evidence that the administrative record is incomplete. *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d at 5. Plaintiffs fail to support with evidence any of their claims that the record is incomplete. Indeed, a search of the record shows that the bulk of the items Plaintiffs allege are missing actually already appear in the record. A review of the remaining items Plaintiffs rely on to support their claims shows that they were properly excluded from the administrative record. In light of the above, Defendants ask the Court to deny Plaintiffs' Motion to Complete the Record and for Other Relief.

\#

\#

\#

DATED: May 6, 2020

                                      RICHARD E. ZUCKERMAN
                                      Principal Deputy Assistant Attorney General

*/s/ Joseph A. Sergi*
JOSEPH A. SERGI (D.C. Bar No. 480837)
Senior Litigation Counsel
LAURA M. CONNER (VA Bar No. 40388)
NISHANT KUMAR (D.C. Bar No. 1019053)
Trial Attorneys
Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel: (202) 514-2986
Fax: (202) 514-6866
Nishant.kumar@usdoj.gov
Joseph.a.sergi@usdoj.gov
Laura.m.conner@usdoj.gov