## Exhibit C

**From:** Monte @ Silver Law <ms@silvercolaw.com>
**Sent:** Tuesday, April 28, 2020 1:35 AM
**To:** lafayetteChip.Harter@treasury.gov; McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov>
**Subject:** Admin record certification

Dan
How you have the guts to certify that this is the administrative record is beyond me.
You two are on the hot seat.
Monte

_____

**From:** Monte @ Silver Law <ms@silvercolaw.com>
**Sent:** Friday, April 24, 2020 2:42 AM
**To:** eli.miller@treasury.gov; Paul William M <William.M.Paul@IRSCOUNSEL.TREAS.GOV>; david.kautter@treasury.gov; Brent.McIntosh@treasury.gov; LafayetteChip.Harter@treasury.gov; McCall Daniel M <Daniel.M.McCall@irscounsel.treas.gov>; steven.mnuchin@treasury.gov; caroline.e.moore@who.eop.gov; russell.t.vought@omb.eop.gov; Johnson Regina L <Regina.L.Johnson@IRSCOUNSEL.TREAS.GOV>; Paul William M <William.M.Paul@IRSCOUNSEL.TREAS.GOV>; Preston Arlene <Arlene.Preston@irscounsel.treas.gov>; Perkins Leni C <Leni.C.Perkins@irscounsel.treas.gov>
**Subject:** Tax Notes today: Completeness of Administrative Record Challenged in Silver vs. Mnuchin

I thought I would share this article with you as I enjoyed it so much. I hope that each and every one of you (but especially Chip and Dan), sit down for one moment today and internalize how badly you (yes, each and every one of you) screwed up in maintaining the law, harmed hundreds of thousands of small business, and put the US government to shame.
I attach your lawyer's meet and confer letter regarding our motion to complete the record so you can see just how deep the lies and deception have gone. Thanks to you, the King has been caught naked. Not a pretty scene.
And we still have the GILTI lawsuit ahead. We have just begun.

# Completeness of Administrative Record Challenged in *Silver*

https://www.taxnotes.com/tax-notes-today-international/accumulated-earnings/completenessadministrative-record-challenged-silver/2020/04/24/2cg32?highlight=andrew%20Velarde

The plaintiffs in a lawsuit challenging the validity of the transition tax regulations are assailing the completeness of the administrative record submitted by the government, asking that email exchanges with senior tax officials be added.
Monte Silver filed a motion to complete the administrative record on April 22. It asserts that a previous submission by the government to the court "was far from complete." In addition to asking the court for an order to complete the record, Silver's motion asks that the court preclude the IRS from relying on the documents that were not previously submitted during briefing on the merits of the case.

"This case is over fifteen months old and plaintiffs have repeatedly sought production of the administrative record during that period, only to discover that the record finally provided by defendants is seriously deficient," the motion states. "Defendants will be unable to defend the challenged regulations unless defendants somehow 'discover' and rely upon previously-undisclosed documents to support their position."

Silver has challenged the validity of the final regs on the transition tax imposed on offshore accumulated earnings, citing the IRS's alleged failure to perform the small business impact evaluations required under the Regulatory Flexibility Act (RFA) and the Paperwork Reduction Act. The government had sought dismissal of the suit on the grounds that Silver lacked standing, or, alternatively, that the Anti-Injunction Act barred the action. But Judge Amit Mehta of the U.S. District Court for the District of Columbia rejected that motion in December 2019 and allowed the case to proceed, surprising tax experts.

Under the Anti-Injunction Act, suits that would restrain the assessment or collection of tax are disallowed. After submitting its answer in February, which asserted several affirmative defenses, the government on April 2 filed an administrative record on the regs with the court. The record is thousands of pages long, but it is largely made up of material that was already publicly disclosed, including comments on regulations.gov.

That the record "contains almost no e-mail received or generated by any government employee involved in the decision-making process" did not sit well with Silver, according to his motion. "Plaintiffs and the Court can only conclude that defendants have either deliberately or negligently failed to collect and submit a substantial quantity of email either sent or received by agency decision-makers concerning development of the challenged regulations," it states.

Silver has sought to include email exchanges between himself and Lafayette G. "Chip" Harter III, Treasury deputy assistant secretary for international tax affairs, and Daniel McCall, IRS deputy associate chief counsel (international-technical). In the emails, Silver asked the government to provide relief from the impact that the transition tax regs would have on small businesses, but Harter insisted that the RFA did not apply. The motion also asks for inclusion of a government response to a Freedom of Information Act request from Silver on factual documentation to RFA compliance and emails from other small businesses.

**Shedding Little Light**

In an April 20 response to an April 7 letter from Silver's attorney, Stuart J. Bassin of the Bassin Law Firm PLLC, the government asserts that record supplementation is unnecessary. The FOIA response "appear[s] to shed little light on the issues," according to the government. Further, Silver had previously requested that his email correspondence with Treasury not be included in the record, and the substance of the emails was already included in his official comments, the government argues.

"Under the circumstances, it seems inappropriate to switch course and include any additional emails from Mr. Silver in the administrative record now," the letter from Joseph A. Sergi of the Justice Department Tax Division states. "The remaining emails submitted during the comment period consist of threats, logistical comments and transmittals. In addition, there are several emails dated after the close of the comment period that reiterate prior arguments that Mr. Silver already had included in his public comments, cite third party sources and threaten congressional actions and lawsuits."

But Silver's motion argues that the government cannot exclude the documents because doing so runs afoul of the law since the record consists of all documents considered by the agency when developing the regs.

"In addition, defendants' attempt to characterize the emails as not 'sufficiently substantive' to merit inclusion in the administrative record and their exclusion of the FOIA response as shedding 'little light on the issues' have no basis in law," the motion states, adding that the government's "strained interpretations" of the communications are "factually and legally incorrect."

Silver told *Tax Notes* that the government is in "deep trouble" with regard to whether the administrative record supports the RFA section 605(b) certification that the rule would not significantly affect a substantial number of small businesses.

"There is not a single document or email that supports this conclusion," Silver said, adding that the dearth of support shows how the government "flagrantly disregard[ed] the law."

"The government has been caught hiding harmful documents," Silver asserted. "Hopefully this will not be looked at favorably by the court and will set the tone for the [summary judgment] motion."

Silver added that Treasury and the IRS did not understand administrative law related to the RFA and Paperwork Reduction Act when the regs were first issued, and that the Justice Department does not understand it currently.

"[This is] most likely because they have ignored these laws in the past," Silver said. "The government lawyers have made serious mistakes in the litigation, and I anticipate that more will be made before the litigation is over. We have and will continue to capitalize on these mistakes."

The case is *Silver v. IRS*, No. 19-cv-00247, (D. D.C. 2019).

Monte Silver, Adv. (Israel & CA)

Silver & Co. Attorneys at Law

Hahoshlim 6, Building C, 7th Floor, P.O.Box 12069

Herzelia Pituach 46733 Israel

Tel: +972-9-9603799

Fax: +972-9-9603798

Mob: +972-544-232-683

email: ms@silvercolaw.com

www.linkedin.com/in/americantaxsolutions

Updates on US tax law and tax advocacy