**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SILVER, et al., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-247-APM |
| ) | |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
|    Defendants. ) | |
| ) | |

## DEFENDANTS' OPPOSITION TO REPUBLICANS OVERSEAS, INC.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

Republicans Overseas, Inc., along with several of its subchapters (collectively "ROI"), move for leave to file an amicus curiae brief in this case in support of the Plaintiffs' motion for summary judgment. The Court should deny the motion. ROI fails to explain why its proposed brief would provide a perspective different from what Plaintiffs already can and do offer, and the close relationship between ROI and Plaintiffs' counsel makes it even less likely that ROI would provide a distinct perspective warranting a separate brief.

It is solely within the Court's discretion to allow or deny the participation of amici. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136–37 (D.D.C. 2008). Local Civil Rule 7(o) requires, among other things, that a motion for leave to file an amicus brief "set forth the reasons why . . . the movant's position is not adequately represented by a party." This Court has typically granted amici permission to file briefs when "'a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case,'" or in cases where "'the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Jin v. Ministry of State Sec'y*, 557 F.Supp.2d 131, 137 (D.D.C.2008) (quoting *Ryan v.*

1

*Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir.1997)).  At the same time, "In an era of heavy judicial caseloads and public impatience with the delays and expense of litigation," this Court has adopted Judge Posner's observation that "judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give [judges] all the help [they] need" to make the decision.  *See United States v. Microsoft Corp.*, No. CIV.A.98-1232(CKK), 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002) (quoting *Ryan*, 125 F.3d at 1064).  And because an amicus is to be a "friend of the court," participating *for the benefit of the court*, it is appropriate to consider the partiality of a proposed amicus, and to consider a "patently partisan" one to be less helpful.  *See Jin*, 557 F. Supp. 2d at 136–37; *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982) (observing that while the role of amicus in the appellate courts has moved from "friendship to advocacy," the same shift "is not proper in a trial court").

ROI fails to explain why it would offer anything distinct from Plaintiffs.  It seeks to advocate for the interests of expatriate American community of business owners.  But these interests are already represented by Plaintiff Silver, a self-described member of this very community.  *See* Am. Compl. at paras. 2, 3.  Indeed, Silver not only states he is an expatriate American business owner but one whose business is representing international clients with issues relating to United States law.  *Id.*  In other words, there is a complete overlap between the constituency on whose behalf ROI seeks to speak, and the constituency from and for which Plaintiff Silver advocates.

On top of that, Plaintiff's current counsel, Mr. Zell, is general counsel and an executive team member of ROI.  ROI preemptively acknowledges this in its motion in an attempt to draw the poison, but then states that Mr. Zell will not participate in preparing the amicus briefing.

Dkt. no. 50. While this may be true going forward, it has not been true in the recent past. Shortly before Mr. Zell filed an appearance as counsel for Mr. Silver, Mr. Zell corresponded with the Government about submitting an ROI amicus brief and sent a lengthy email on this point only *ten days* before his name appeared as Plaintiffs' new counsel on the summary judgment filing. *See* Ex. A (emails between Zell and Government counsel).

Despite ROI's assurances to the contrary, Mr. Zell's very recent connection with ROI's request for amicus participation strongly suggests that ROI's amicus brief would veer into the duplicative and the "patently partisan." Indeed, given the nature of ROI and, on top of that, the role of Mr. Zell in this case, ROI's proposed brief is likely to be nothing more than extra pages, and an echo chamber, for Plaintiffs' position. Thus, ROI's motion should be denied.

DATED: May 26, 2020

          RICHARD E. ZUCKERMAN
          Principal Deputy Assistant Attorney General

          */s/ Nishant Kumar*
          JOSEPH A. SERGI (D.C. Bar No. 480837)
          Senior Litigation Counsel
          LAURA M. CONNER (VA Bar No. 40388)
          NISHANT KUMAR (D.C. Bar No. 1019053)
          Trial Attorneys
          Tax Division
          U.S. Department of Justice
          Post Office Box 227
          Washington, DC 20044
          Tel: (202) 514-2986
          Fax: (202) 514-6866
          Nishant.kumar@usdoj.gov
          Joseph.a.sergi@usdoj.gov
          Laura.m.conner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this May 26, 2020, I electronically filed the foregoing opposition memorandum with the Clerk of the Court using the CM/ECF system.

>*/s/ Nishant Kumar*
>NISHANT KUMAR