UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTE SILVER**, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**INTERNAL REVENUE SERVICE**, *et al.*,<br><br>    Defendants. | Civil Action No.:  1:19-cv-00247-APM |

**REPLY BRIEF IN FURTHER SUPPORT OF**

**MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW OF *AMICI CURIAE*, REPUBLICANS OVERSEAS, INC., AND SEVERAL OF ITS CHAPTERS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The RO *Amici Curiae* seek leave to file a memorandum in support of Plaintiffs' Motion for Summary Judgment [Dkt. No. 47] in the hopes of highlighting the potential harm that the Final Regulations (as well as similar regulatory actions) pose to American citizens residing outside of the United States that own and operate small businesses.  The central issue that the RO *Amici Curiae* wish to address concerns whether the Government's Certification under 5 U.S.C. § 605(b) is based on substantial evidence or any evidence at all.  That Certification stated that the proposed and final "regulations **will not have a significant economic impact on a substantial number of small entities** within the meaning of section 601(6) of the Regulatory Flexibility Act ('small entities')." (Emphasis added).  Therefore, the RO *Amici Curiae* seek to offer further discussion on whether the IRS had any basis for concluding that the regulations (a) will not have a significant economic impact (b) on a substantial number of small entities.

The brief proposed by the RO *Amici Curiae* will address both of these points, thereby providing the Court with crucial information concerning the reasonableness of the Government's

Certification. Considering that chapters affiliated with RO create a network that spreads across approximately 60 countries worldwide, the RO *Amici Curiae* are uniquely positioned to provide information both about the nature of the impact of the regulation and the number of small entities owned and/or operated by U.S. citizens abroad. While Plaintiffs are comprised of one man and one small business in one country, the RO *Amici Curiae* is able to advocate on behalf the wider expatriate American community of small business owners. As the Court can see, several of RO's chapters have approved submission of a joint memorandum.

The Government opposes the RO *Amici Curiae*'s request, claiming that they have failed to explain "why its proposed brief would provide a perspective different from what Plaintiffs already can and do offer." Opp. [Dkt No. 52] at 1. The Government further speculates, without any plausible explanation, that "the close relationship between [the RO *Amici Curiae*] and Plaintiffs' counsel makes it even less likely that [the RO *Amici Curiae*] would provide a distinct perspective warranting a separate brief." *Id.*

As an initial concern, the Government presents a one-sided exposition of the law guiding the Court's decision to allow *amicus* briefs. So long as the Court is satisfied that the requirements of Local Rule 7(o) have been met, it can allow for the filing of an *amicus* brief. In *Neonatology Assocs., P.A. v. Comm'r,* 293 F.3d 128 (3d Cir. 2002) Judge (now Justice) Alito explained that motions to permit such briefs should be granted "unless it is obvious that the proposed briefs" do not meet the requirements of the applicable rule of court. *Id.* at 133 (citations omitted).[1]

---

[1] *See also, e.g., Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 138 (D. D.C. 2008) (permitting an *amicus* brief despite acknowledging its "highly partisan position"); *Am. Hosp. Ass'n v. Azar,* 385 F. Supp. 3d 1, 14 n. 18 (D. D.C. 2019) (permitting an *amicus* brief, citing *Jin*); *United States v. Philip Morris USA Inc.*, 2005 WL 8160465, at *1 (D. D.C. 2005) (permitting an *amicus* brief, citing *Neonatology Assocs.*); *Hopi Tribe v. Trump*, 2019 WL 2494161, at *3 (D .D.C. Mar. 20, 2019) ("Courts in this district have granted leave where a movant sought to provide information

Beyond its one-sided recitation of law, the Government's reasoning is overly narrow and unduly dismissive. The Plaintiffs' Motion for Summary Judgment does dispute the Government's Certification, identifying administrative records that undermine the Government's Certification. *See* Mt. for Summary Judgment [Dkt. No. 47-1] at 14 ("The administrative record is replete with evidence showing that the proposed and final regulations would have a severe impact on a large number of small businesses.") (citing sources to the administrative record). Plaintiffs, however, do not present independent facts refuting the Government Certification.[2] Nor were Plaintiffs in a position to do so, as this matter is not a class action. For these reasons, the RO *Amici Curiae* intend to present this information for the Court's consideration and benefit and therefore contend that they wish to put forth a "position [that] is not adequately represented by a party." Local Civil Rule 7(o).

The Government's purpose in engaging in speculation as to the involvement of Plaintiffs' counsel, Mr. Zell, in the drafting of the RO *Amici Curiae*'s supporting memorandum is unclear. Mr. Zell was engaged by the Plaintiffs as counsel and no longer represents the RO *Amici Curiae*. Most importantly, the RO *Amici Curiae* submit that Mr. Zell has had, and will have, no part in drafting the RO *Amici Curiae*'s memorandum. The proposed brief will not be, and was never intended to be, an extension of Plaintiffs' brief – no more than the Center for Taxpayer Rights' brief is an extension.

Shockingly, the Government posits – again, without basis – that the RO *Amici Curiae*'s memorandum intends to be "patently partisan." This cannot be a serious argument. Plaintiffs

---

regarding a significant, unclear legal issue […] and denied leave where a movant sought to present arguments and insights that were not relevant to the stage of the litigation.") (citations omitted).

[2]   The closest Plaintiffs get is including (but not discussing in detail) a very brief letter submitted by Democrats Abroad relating to the Final Regulations.

3

brought this action to determine whether the IRS violated the Regulatory Flexibility Act (RFA) and Administrative Procedure Act (APA) by imposing burdensome regulations. In turn, the RO *Amici Curiae* claim that these regulations have had, and will continue to have, a disparate impact on taxpayers that reside outside of the United States and own a small business. Neither the issues in this case nor the position of the RO *Amici Curiae* are "patently partisan."[3]

Overall, the Government's opposition is merely part of a continued effort to ignore the voice of the millions of American citizens residing outside of the United States, many of whom own and operate small businesses of various types. As previously stated, the Government's estimate regarding the small businesses that would be impacted by the Transition Tax and the Final Regulations ***ignores*** the approximately 150,000 small businesses owned and operated by American citizens residing outside of the United States. *See* Memo. [Dkt. No. 47-1] at 21 n. 8. The RO *Amici Curiae* urge the Court to reject the Government's baseless opposition and grant it leave to file a memorandum in support of Plaintiffs' Motion for Summary Judgment.

Dated: June 1, 2020

Respectfully Submitted,
**REPUBLICANS OVERSEAS, INC., REPUBLICANS OVERSEAS ALBANIA, ASSOCIATION REPUBLICANS OVERSEAS FRANCE, REPUBLICANS OVERSEAS HELLENIC REPUBLIC, REPUBLICANS OVERSEAS ISRAEL, A.R., REPUBLICANS OVERSEAS NORTH MACEDONIA, REPUBLICANS OVERSEAS SWEDEN, REPUBLICANS OVERSEAS SWITZERLAND, and REPUBLICANS OVERSEAS UK**,
*By Counsel*

---

[3] To the extent the Government is fixated on the fact that the names for the RO *Amici Curiae* contain the word "Republicans," its position is a *non sequitur*. The deciding votes and decisions to pass the Tax Cuts and Jobs Act ("TCJA") and the Final Regulations at issue in this action were made by Republican politicians. Moreover, an organization affiliated with the Democratic political party, Democrats Abroad, has previously expressed support for Mr. Silver's position, *see supra* at n. 2, further demonstrating the non-partisan nature of the case and the RO *Amici Curiae*'s participation.

*/s/ J. William Eshelman*
J. William Eshelman (D.C. Bar No. 141317)
CLARK HILL PLC
1001 Pennsylvania Avenue, NW
Suite 1300 South
Washington, DC 20004
Telephone:  (202) 552-2374
Facsimile:  (202) 572-8692
weshelman@clarkhill.com

*/s/ Alexander R. Green*
Alexander R. Green (D.C. Bar No. 1017781)
CLARK HILL PLC
1001 Pennsylvania Avenue, NW
Suite 1300 South
Washington, DC 20004
Telephone:  (202) 552-2373
Facsimile:  (202) 640-6691
agreen@clarkhill.com

*Counsel for Amici Curiae, Republicans Overseas, Inc., and several of its foreign-registered chapters*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2020, a copy of the foregoing document was filed via the CM/ECF system, which will send out a notification of filing thereof to all counsel of record in this matter.

*/s/ Alexander R. Green*
Alexander R. Green (D.C. Bar No. 1017781)
CLARK HILL PLC
1001 Pennsylvania Avenue, NW
Suite 1300 South
Washington, DC 20004
Telephone:  (202) 552-2373
Facsimile:  (202) 640-6691
agreen@clarkhill.com

*Counsel for Amici Curiae, Republicans Overseas, Inc., and several of its foreign-registered chapters*