**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SILVER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-247-APM |
| ) | |
| INTERNAL REVENUE SERVICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendants move this Court to dismiss the Plaintiffs' suit with prejudice or, in the alternative, to grant judgment in Defendants' favor. A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a). While the parties have now filed Rule 56 cross-motions for summary judgment, the limited role federal courts play in reviewing agency action under the APA means that the typical Rule 56 summary judgment standard does not apply. *See Sierra Club v. Mainella*, 459 F.Supp.2d 76, 89–90 (D.D.C. 2006) (internal citation omitted). In APA cases like this one, "the function of the district court is to determine whether or not . . . the evidence in the administrative record permitted the agency to make the decision it did." *Id.*

Plaintiffs bring suit related to section 965 "transition tax" regulations and claim that Treasury and the IRS violated the Regulatory Flexibility Act ("RFA") in issuing the regulations. Here, undisputed facts establish that Plaintiffs lack standing to maintain this suit for injunctive relief because they face no ongoing or imminent injury from the regulations that they challenge. The undisputed facts also establish that neither Plaintiff can bring a claim for judicial review

under the Regulatory Flexibility Act.  Last, while Plaintiffs obliquely assert violations of the Paperwork Reduction Act ("PRA"), there is no judicial review for alleged violations of the PRA.  On account of the foregoing, Plaintiffs' suit should be dismissed, with prejudice, in its entirety.

Alternatively, the Defendants are entitled to judgment in their favor on Plaintiffs' claims because the regulations being challenged were properly issued and Plaintiffs do not come close to overcoming the deference that the Court owes the IRS and the Treasury in reviewing their analysis.  Thus, if the Court does not dismiss Plaintiffs' claims with prejudice, it should instead rule that Defendants complied with the RFA and — if the Court reaches the merits of this issue — the PRA, too.  Namely, Treasury did not abuse its discretion in certifying that the regulations do not impose a significant economic impact on a substantial number of small entities, and it did not abuse its discretion in obtaining approval from the Office of Management and Budget for the limited information collection request contained in the regulations.

In support of this motion, Defendants file a memorandum which supports their motion as well as responds to Plaintiffs' motion for summary judgment, the Declaration of Joseph Sergi, a set of exhibits, and a proposed order.  Defendants also rely on the administrative record and other filings with this Court.

//

//

//

DATED: July 20, 2020

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Nishant Kumar*
        JOSEPH A. SERGI (D.C. Bar No. 480837)
        Senior Litigation Counsel
        LAURA M. CONNER (VA Bar No. 40388)
        NISHANT KUMAR (D.C. Bar No. 1019053)
        Trial Attorneys
        Tax Division
        U.S. Department of Justice
        Post Office Box 227
        Washington, DC 20044
        Tel: (202) 514-2986
        Fax: (202) 514-6866
        Nishant.kumar@usdoj.gov
        Joseph.a.sergi@usdoj.gov
        Laura.m.conner@usdoj.gov