UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MONTE SILVER, et al.,** | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil No. 19-cv-247 (APM) |
| **INTERNAL REVENUE SERVICE, et al.,** | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Relief Under Fed. R. Civ. P. 5.2, ECF No. 59 [hereinafter Pls.' Mot.]. Plaintiffs seek an order from the court that Appendix 3 to Defendants' Cross-Motion for Summary Judgment, ECF No. 57-3—an appendix of exhibits containing Plaintiff Monte Silver's tax return information—be placed under seal, and for associated relief. *See* Pls.' Mot., P. & A. in Supp. of Pls.' Mot. for Relief Under FRCP 5.2, ECF No. 59-1 [hereinafter Pls.' Br.], at 10. Plaintiffs contend that Defendants' disclosure of Silver's tax information was an "abusive tactic[]" done in violation of the Internal Revenue Code ("IRC"), Pls.' Br. at 3–8, and that Silver and his wife have suffered significant damage as a result of their financial and tax information being "exposed to the world," *id.* at 9. For their part, Defendants maintain that publicly filing Silver's tax return information was both lawful under the IRC and necessary for resolving key legal issues in dispute, and that Plaintiffs have failed to overcome the strong presumption against sealing court records. *See* Defs.' Opp'n to Pls.' Mot. to Seal or Compel Redactions, ECF No. 60 [hereinafter Defs.' Opp'n.], at 2–11. The court agrees with Defendants in large part.

Section 6103 of the IRC authorizes the disclosure of confidential tax return information in certain circumstances. *See* 26 U.S.C. § 6103. Two provisions are relevant here: (1) subsection (h)(2) governs disclosure to the Department of Justice ("DOJ"), and (2) subsection (h)(4) governs disclosure in judicial and administrative tax proceedings. Plaintiffs argue that Defendants violated the law at both junctures. *See* Pls.' Br. at 3–6. The parties agree that the standards under the latter provision are the narrower of the two, *see* Defs.' Opp'n. at 7; Pls.' Br. at 5, such that if disclosure to the court is proper, so too was disclosure to DOJ. The court thus need only address whether disclosure of Silver's tax information to the court was proper.

Section 6103(h)(4) provides that "[a] return . . . may be disclosed in a Federal or State judicial . . . proceeding pertaining to tax administration," if, among other things, "the taxpayer is a party to the proceeding" *or* "the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding." 26 U.S.C. §§ 6103(h)(4)(A)–(B). There is no question that Silver is a "taxpayer . . . party to [this] proceeding," so that condition is satisfied. The disclosure of Silver's tax return information also "is directly related to the resolution of an issue in the proceeding": whether the court has jurisdiction over the matter and other key issues in dispute. *Id.* § 6103(h)(4)(B). The parties' briefing on their cross-motions for summary judgment, *see* ECF Nos. 47-1, 57-1, 61, and 65, make clear the direct relevance of, among other things, whether Silver owed any transition tax under IRC section 965 and how he elected to pay it, and his relationship with Silver Limited.

The parties disagree on the antecedent question of whether this is a proceeding "pertaining to tax administration," 26 U.S.C. § 6103(h)(4)(A). *See* Pls.' Br. at 4–5; Defs.' Opp'n. at 3–5. The D.C. Circuit has explained that the IRC "defines 'tax administration' fairly broadly, to include 'the administration, management, conduct, direction, and supervision of the execution and application

2

of the internal revenue laws or related statutes.'" *Gardner v. United States*, 213 F.3d 735, 738 (D.C. Cir. 2000) (quoting 26 U.S.C. § 6104(b)(4)(A)(i)).  This case easily satisfies that definition.  Plaintiffs filed this lawsuit to challenge the process by which Defendants issued regulations governing the calculation, reporting, and payment of the so-called "transition tax" under section 965 of the IRC.  *See* First Am. Compl., ECF No. 5 [hereinafter First Am. Compl.]; 84 Fed. Reg. 1,838 (Feb. 5, 2019) (the final regulations implementing section 965); *see also* 26 U.S.C. § 965(o) (mandating promulgation of the regulations).  Plaintiffs' challenge, at a minimum, "pertains to" the "administration . . . of the execution and application" of the tax laws.

Plaintiffs contend that because their challenge is specific to the process, and not the substance of "internal revenue laws or federal tax policy," this is not a "tax administration" case. Pls.' Br. at 5; *see id.* at 4–5.  But such a narrow interpretation of the definition is contrary to case law, *see Gardner*, 213 F.3d at 738; *see also United States v. Mangan*, 575 F.2d 32, 40 (2d Cir. 1978) ("[T]he definition of 'tax administration' in s[ection] 6103(b)(4) is so sweeping as to compel rejection of a restrictive interpretation."), and would read the term "pertaining to" out of the statute. To "pertain" to something means "to have reference" to it,[1] or to be connected to it in some way. *See Am. Civil Liberties Union v. CIA*, 109 F. Supp. 3d 220, 236 (D.D.C. 2015) (defining "pertain"). One need look no further than the relief Plaintiffs seek—a "stay [of] the enforcement of the Final Regulations" and the tax law itself, sections 965 and 962, "against Plaintiffs and other small businesses," *see* First Am. Compl. at 19—to see that this case "pertains to" the "administration" of tax law.

Section 6103 does not mandate disclosure, so the court still must address whether Plaintiffs' sealing request is appropriate.  The court operates from the starting point that there is

---

[1] *See Pertain*, MERRIAM-WEBSTER'S DICTIONARY, https://www.merriam-webster.com/dictionary/pertain (last visited Mar. 25, 2021).

"a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). And "'[i]n cases where the government is a party . . . [t]he appropriateness of making court files accessible' is enhanced." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 58 (D.D.C. 2009) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409)). The D.C. Circuit has identified six factors for courts to consider in determining whether the strong presumption against sealing has been overcome: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents at issue; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).

Plaintiffs make no attempt to show that sealing is warranted under the *Hubbard* factors. *See* Pls.' Reply at 5 (declining to engage in *Hubbard* analysis). That fact alone requires denial of Plaintiffs' motion, as they have the "burden of showing that [their] privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation." *John Doe Co. v. CFPB*, 321 F.R.D. 31, 34 (D.D.C. 2017). The court nevertheless has considered the parties' submissions in light of the relevant factors, and finds that sealing Silver's tax return information in its entirety is not warranted.

To be sure, these are records to which the public would not otherwise have access. But the weight of that factor, and any accompanying privacy interest Silver has in them, is diminished greatly by the fact that Silver voluntarily filed this lawsuit and the IRC sanctions public disclosure. That Defendants produced Silver's tax return to demonstrate lack of jurisdiction and to rebut other

of Plaintiffs' arguments was not an "abusive tactic[]," but basic lawyering. The court must give substantial weight to the fact that Silver's tax return information is directly related to resolving disputed issues in this case. *See Hubbard*, 650 F.2d at 321 (explaining that the "single most important element" for consideration is the purpose for which the documents were introduced); *see also United States ex rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 28 (D.D.C. 2013) ("The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes."). And the harm alleged by Plaintiffs does not change the outcome. As noted by Defendants, Plaintiffs primarily allege reputational harm, *see* Defs.' Opp'n at 12; Pls.' Br. at 9, and such harm "is not the sort of property or privacy interest that courts have found compelling when analyzing the *Hubbard* factors," *Related Companies, LP*, 4 F. Supp. 3d at 27; *see also Gilliard v. McWilliams*, 2019 WL 3304707, at *4 (D.D.C. July 23, 2019) ("Reputational harm alone is insufficient.").

Although the court concludes that the *Hubbard* factors weigh against sealing the records in their entirety, it is sensitive to Silver's privacy interest in those record portions that are not relevant to a disputed issue. For that reason, the court does not deny Plaintiffs' motion in its entirety. The court orders as follows. It denies Plaintiffs' motion in so far as it seeks a complete sealing of Appendix 3. The parties shall meet and confer and file on or before April 30, 2021, proposed redactions to the tax records, as well as agreed-upon public versions of their filings at ECF Nos. 59, 60, and 64. If the parties cannot reach agreement, they shall file memoranda of no more than ten pages describing their disputes and the support for their respective positions.

Dated: March 28, 2021

Amit P. Mehta
United States District Court Judge

5