IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SILVER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-247-APM |
| ) | |
| INTERNAL REVENUE SERVICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
RECONSIDERATION AND FOR LEAVE TO AMEND COMPLAINT**

Following cross summary judgment motions and a hearing, the Court granted Defendants' motion and dismissed this suit with prejudice. Dkt. 57, 68. Plaintiffs now move the Court to reconsider its rulings (and, it is implied, to vacate the judgment). Plus, they move for leave to further amend their Complaint to add a count for "nominal damages." Plaintiffs do not warrant either form of relief.

To support the request for reconsideration, Plaintiffs just revisit arguments already rejected by the Court. This is not cause for reconsideration. Because the Court has already issued a judgment, Plaintiffs cannot be granted leave to amend their complaint without *first* meriting reconsideration and vacatur of the judgment. And so, because their motion for reconsideration lacks merit, their request for leave to amend must be denied, too. Set that aside, and the request to amend should also be denied because the proposed amendment would be futile.[1]

---

[1] Yet another ground for denying Plaintiffs' motion is their failure to confer. Under Local Rule 7(m), Plaintiffs were required to contact Defendants in a good-faith effort to determine whether there was any opposition to the relief sought and, if there was opposition, to narrow the areas of

1

## ARGUMENT

**A.  Plaintiffs' motion for reconsideration is an improper attempt to revisit old arguments.**

Plaintiffs move for reconsideration under both Rule 59(e) and Rule 60(b).  Because they bring their motion within 28 days after the Court's judgment, their motion is considered under Rule 59(e).  *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 37 (D.D.C. 2013); *see also Wright & Miller*, Federal Practice and Procedure § 2810.1 (3d ed.) (Rule 59(e) allows for vacating judgments and is a basis for motions for reconsideration).  Furthermore, because the reconsideration requirements of Rule 60(b) are more stringent than those of Rule 59(e), and Plaintiffs fail under the Rule 59(e) requirements, there is no need for a separate analysis under Rule 60(b).  *See Slate*, 12 F. Supp. 3d at 37; *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414 (D.D.C. 2005).

Rule 59(e) "provides a limited exception to the rule that judgments are to remain final."  *Daniel v. Smoot*, 316 F. Supp. 3d 79, 87 (D.D.C. 2018) (internal citation omitted).  Reconsideration of a judgment is an "extraordinary measure," and Rule 59(e) motions should only be granted in three circumstances:  (1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to correct a clear error or prevent manifest injustice.  *Id.* (citations and quotation marks omitted).

---

disagreement. Plaintiffs did not meet and confer. And though Defendants would certainly have opposed the relief sought, that does not matter. As this Court has explained, the "rule does not contain a futility exception, and it is always the best practice to consult even where the other party's opposition, as a general matter, is little more than a foregone conclusion." *United States ex rel. Debra Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 35 n.4 (D.D.C. 2007).  Plaintiffs' motion should be denied for failure to confer.  *See United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.*, 433 F. Supp. 2d 104, 111-112 (D.D.C. 2006) (denying non-dispositive motion due to movant's failure to confer); *Ellipso, Inc. v Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (same).

A losing party may not use a Rule 59(e) motion "to relitigate old matters, or to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* That is almost all that Plaintiffs do here.[2]

First, they argue that the relief authorized under the Regulatory Flexibility Act at 5 U.S.C. § 611 is not prospective or injunctive relief, but something sui generis that excuses Plaintiffs from standing requirements that would apply in suits seeking "classical or conventional" injunctive relief. *See* dkt. 71-1 at 7-8. The Court has already addressed and rejected this argument, and Plaintiffs do not show why its rejection was a clear error. True, as Plaintiffs point out, the Court did not address the argument on its merits, but instead rejected it as untimely. *Id.* But Plaintiffs do not provide any legal support for their attempt to force the Court to consider *now* an argument it *earlier* rejected for being untimely. Arguments that are untimely do not improve with age.

Their "RFA relief is not an injunction" argument fails in substance, too. They do not cite to a single case in which a court contrasted the relief they seek under the RFA (deferred enforcement of the regulations) with a "classical or conventional injunction," much less a court holding that this distinction frees RFA claims from Article III standing requirements for prospective relief. Thus, Plaintiffs do not begin to show that the Court's rejection of their argument was a "clear error."

Second, Plaintiffs revisit their argument that compliance costs they face under the decades old section 962 law can be attributed to the 2019 regulations they challenge. The Court has already considered this argument at length. It was one of two questions the Court focused on

---

[2] "Almost," because they cite the recent Supreme Court decision in *Uzuegbanam v. Preczewski* in support of reconsideration. It is unclear whether Plaintiffs point to this decision as "an intervening change in controlling law," but in any event, as explained later in this brief, *Uzuegbanam* does not help Plaintiffs.

at the hearing in March. *See* Hrg. Transc. at 20. Plaintiffs seek a do-over to better articulate what they said at the hearing. But they provide no newly available evidence or new controlling authority that casts doubt on the Court's ruling that "Plaintiffs fail to explain how conducting an RFA analysis in connection with the 965 regulations could help him avoid costs imposed by [section 962]." Dkt. 24.[3] Instead, Plaintiffs concede that the Court's principal objection to their explanation was a legal one, assert that the Court's understanding was "simply incorrect," and then reargue the same issue. Dkt. 71-1 at 11, 13. This is not a valid ground for reconsideration.

Third, Plaintiffs argue with the Court's conclusion that neither Plaintiff qualified to bring an RFA claim. In particular, they assert that Silver Limited is "directly regulated" by the section 965 rules; that Limited is within the "zone of interests" of the RFA, and qualified to bring an RFA claim; and that Silver and Limited are part of a "package deal" in determining "statutory standing," instead of two separate plaintiffs that must *each* qualify to bring an RFA claim. *Id.* at 19-25. The Court already ruled on all of this. *See* dkt. 67 at 25-29. Plaintiffs just disagree with the Court's analysis. This does not call for reconsideration.

Plaintiffs use the terms "clear error" and "manifest injustice," of course, but this makes no difference. It would hollow out the standards of Rule 59(e) if a party could overturn a judgment by simply reiterating disagreements with the Court while claiming the rulings are "clear error" or lead to "manifest injustice." *Cf. D.C. v. Doe*, 2008 WL 5453977, at *1–2 (D.D.C.

---

[3] The citations in the Plaintiffs' motion to a new declaration by Monte Silver do not constitute "newly available evidence." First, re-packaging legal argument into a declaration by Silver, a tax lawyer, does not transmute legal argument into fact. Second, any facts found here and there within the declaration (for instance, the "fact" that Silver now plans to take a dividend from Limited in 2021) are not thereby "newly available." Most importantly: no fact, new or not, makes "clear error" of the Court's earlier conclusion that Silver failed to draw a sufficient connection between any section 962 burden he might face and the section 965 regulations he challenges.

4

Dec. 31, 2008) ("Though Doe alleges that this Court has committed clear error, his argument is not persuasive. Allegations that are simply restated arguments for why the Court should have ruled in a litigant's favor are not sufficient to sustain a claim of clear error."); *State of N.Y. v. United States*, 880 F. Supp. 37, 39 (D.D.C. 1995) ("It is obvious that defendant does not agree with the Court's earlier ruling; as set forth above, however, a motion to reconsider must establish more than simply the defendant's continued belief that the court's decision was erroneous."); *Lightfoot*, 355 F. Supp. 2d at 422 (a party must meet a "very exacting standard" to show "clear error").

Last, Plaintiffs point to the recent Supreme Court decision in *Uzuegbanam v. Preczewski* for the proposition that a request for nominal damages could cure their lack of Article III standing. It is unclear whether this argument goes to their request for reconsideration (perhaps they see this case as "an intervening change of controlling law") or instead only supports their piggyback request to amend their complaint.[4]

In any event, Plaintiffs misread *Uzuegbanam*, and the case does not support either of their requests for relief. *Uzuegbanam* is about a student who sued a university over a policy that prohibited him from evangelizing on campus except in designated "free speech expression areas." *See Uzuegbanam v. Preczewski*, 141 S. Ct. 792, 797 (2021). The student plaintiff sought to enjoin the policy and he sought nominal damages. *Id.* The university rescinded the policy while the case was proceeding. *Id.* The question before the Court was whether rescinding the campus policy mooted the student's case, or whether the action survived because of the plaintiff's request for nominal damages. *Id.* The Court held that the case was not moot, and that

---

[4] After all, Plaintiffs never requested nominal damages in this suit, *see* dkt. 71-1 at 15, and so the hypothetical of a *different* complaint (and thus a different suit) involving nominal damages does not call into question the Court's ruling on Plaintiffs' lack of standing in *this* suit.

5

"a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." *Id.* at 801-02.

*Uzuegbanam* is nothing like this case. Here, the IRS and Treasury did not rescind the rules that Plaintiffs challenge. So we do not confront whether an about-face by the Defendants moots Plaintiffs' suit. Second, the plaintiff in *Uzuegbanam* —unlike Plaintiffs here—sought nominal damages from the beginning of his case. Third, nothing in *Uzuegbanam* suggests that the request for nominal damages (to redress past harms) impacts the standing analysis for prospective relief. This Court already ruled that Plaintiffs must prove standing for each form of relief they seek, their requests for prospective relief required a showing of future harm, and they did not make that showing. Dkt. 67 at 17, 20, 25.[5] Tacking on a request for nominal damages would not alleviate the problem with Plaintiffs' claims for prospective relief.

Fourth, and most important: Plaintiffs cannot seek damages —compensatory or nominal

---

[5] On this point, Defendants respectfully disagree with the Court's contention that Plaintiffs sought retrospective as well as prospective relief in their Complaint. As Defendants see it, Plaintiffs sought only prospective relief while also conceding they had no ongoing or future injury, so their case ran aground on the principle that injunctive relief requires ongoing or future injury. *See, e.g.*, *Owner-Operator Ind. Drivers Ass'n v. U.S. Dep't of Transp.*, 879 F.3d 339, 347 (D.C. Cir. 2018). The Court, however, construed Plaintiffs' separate request for declaratory judgment as seeking "retrospective relief" and then engaged in a complex standing analysis for both retrospective and prospective relief. *See, e.g.*, *Silver I* Op. at 16-22. Declaratory relief is not inherently retrospective. *See, e.g.*, *Dubuc v. Michigan Bd. of L. Examiners*, 342 F.3d 610, 616 (6th Cir. 2003) ("declaratory relief" was prospective); *Canadian Lumber Trade All. v. United States*, 517 F.3d 1319, 1338 (Fed. Cir. 2008) (same). Whether declaratory relief is retrospective or prospective depends on the content of the declaratory judgment. *See, e.g.*, *Freedom From Religion Found. v. Abbott*, 955 F.3d 417, 425–26 (5th Cir. 2020); *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847–48 (9th Cir. 2002); *PeTA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1203 (10th Cir. 2002). While declaratory relief ordering money damages may be retrospective, *see id.*, Plaintiffs did not seek money damages (compensatory or nominal) and thus the declaratory relief they sought was not retrospective. Nonetheless, because the Court determined that the standing analysis for the so-called retrospective relief eventually dovetailed with the one for prospective relief, dkt. 67 at 20, it still reached the conclusion urged by Defendants, namely, that Plaintiffs lacked standing.

—under the RFA. The RFA authorizes relief consistent with the Administrative Procedure Act. *See* 5 U.S.C. § 611(a)(4). The Administrative Procedure Act does not allow courts to award damages against an agency. *Pragovich v. United States*, 602 F. Supp. 2d 194, 195 (D.D.C. 2009) ("This court does not have jurisdiction to hear claims for money damages under the Administrative Procedure Act.") (citing 5 U.S.C. § 702). So, on top of all other dissimilarities, *Uzuegbanam* deals with relief (nominal damages) that Plaintiffs cannot even seek under the statutes they invoked in this action. Obviously, *Uzuegbanam* does not call for this Court to reconsider its ruling.

### B. Plaintiffs' request to further amend their complaint falls with their meritless request for reconsideration, and their proposed amendment would be futile.

Plaintiffs seek leave to amend their complaint to add a count for nominal damages. Because the Court has already handed down judgment in this suit, Plaintiffs must *first* prevail in getting the judgment set aside. *Wright & Miller*, Federal Practice and Procedure § 1489 (3d ed.) ("The fact that a party desiring to amend after judgment has been entered is obliged first to obtain relief from the judgment imposes some important restrictions on the ability to employ Rule 15(a). For example, a judgment generally will be set aside only to accommodate some new matter that could not have been asserted during the trial, which means that relief will not be available in many instances in which leave to amend would be granted in the prejudgment situation.") As explained above, Plaintiffs do not show why the Court should reconsider and vacate its judgment. And if the Court (as it should) denies the motion to reconsider, it must also deny the motion to amend.

But set that aside, and the request to amend the Complaint fails on the separate ground that it is futile. A court may deny a motion for leave to amend if the proposed amendment would be futile, and an amendment is futile "if the proposed claim would not survive a motion to

7

dismiss." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 10 (D.D.C. 2013) (citation omitted).  Plaintiffs want to amend their complaint to add a request for nominal damages.  As explained above, Plaintiffs cannot seek nominal damages under the RFA or the APA.  So, their proposed claim would call for dismissal and would thus be futile.

## CONCLUSION

Plaintiffs ask this Court to provide them the extraordinary relief of reconsidering its judgment.  In support, they mainly make the same arguments the Court has already heard and rejected.  They also propose that the Court revisit its rulings, and allow them leave to amend their Complaint, based on the recent *Uzuegbanam* decision, which is inapposite for a host of reasons, not least because it centers on a form of relief that Plaintiffs could never properly have sought in this case.  Plaintiffs might have realized this if they had conferred with Defendants as Local Rule 7(m) requires, but they failed to do that.  Plaintiffs fall far short of the demonstration they must make for the Court to reconsider and vacate its judgment, and then allow Plaintiffs to amend their Complaint. The Court should deny their motion in full.

DATED: May 4, 2021

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Nishant Kumar*
JOSEPH A. SERGI (D.C. Bar No. 480837)
Senior Litigation Counsel
LAURA M. CONNER (VA Bar No. 40388)
NISHANT KUMAR (D.C. Bar No. 1019053)
Trial AttorneysTax Division
U.S. Department of JusticePost Office Box 227
Washington, DC 20044 Tel: (202) 514-2986
Fax: (202) 514-6866
Nishant.kumar@usdoj.gov
Joseph.a.sergi@usdoj.gov
Laura.m.conner@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ Nishant Kumar  
NISHANT KUMAR
