UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MONTE SILVER** and
**MONTE SILVER, LTD**.,
an Israel corporation

    *Plaintiffs*

v.

**INTERNAL REVENUE SERVICE;
UNITED STATES DEPARTMENT
OF THE TREASURY; CHARLES RETTIG**,
in his official capacity as Commissioner of the
Internal Revenue; and **JANET YELLEN**, in
her official capacity as United States Secretary
of the Treasury

    *Defendants*

Civil Action No. 19-cv-0247-APM

Judge Amit P. Mehta

**PLAINTIFFS' REPLY MEMORANDUM SUPPORT OF THEIR
MOTION FOR RECONSIDERATION AND FOR LEAVE TO
AMEND THE COMPLAINT**

Pursuant to this Court's Local Rule 7(e), Plaintiffs respectfully file their Reply to Defendants' Opposition (ECF 74) to Plaintiffs Motion for Reconsideration ("MFR") (ECF 73).

Defendants argue that Plaintiffs simply revisits old arguments that were already ruled upon. ECF 74, at 2-6. This is incorrect.

Plaintiffs' argument that relief authorized under the Regulatory Flexibility Act at 5 U.S.C. §611 is not prospective or injunctive relief was not briefed at all by any of the parties and only arose during oral argument in response to an inquiry by the Court. Hence, the argument warrants reconsideration. In addition, as discussed in the MFR, the argument is meritorious and, it should be noted, even Defendants disagree with the Court's analysis. ECF 74, at fn. 5.

Plaintiffs' argument that Plaintiff Limited's Section 962 election established future damages also warrants reconsideration. Plaintiffs should be given the opportunity to clarify this factual point. *See* Opinion, at *12 (Section 962 matter is a factual matter). Lovely-Coley v. D.C., 255 F. Supp. 3d 1, 9 (D.D.C. 2017) (granting motion for reconsideration when it seeks to clarify "errors of [...] fact that need correction.").

Reconsideration under FRCP 59(e) is appropriate to "correct clear error." Plaintiffs respectfully submit that the Court erred in analyzing Plaintiffs' statutory standing under the RFA. As discussed at length in Plaintiffs' MFR, the Court incorrectly applied the "zone of interest" analysis. Applying this test correctly leads to the inevitable conclusion that both Plaintiffs are "regulated" under the Final Regulations for purposes of RFA statutory standing. Moreover, the Court also erred in invoking the common law doctrine of corporate separateness. That doctrine has no place in the context of the Transition Tax where the corporation and its owners are viewed as a symbiotic unit. Therefore, Plaintiffs' "zone of interest" argument also warrants reconsideration as an attempt to "correct clear error."

Lastly, reconsideration is appropriate in light of Uzuegbunam v. Preczewski, 141 S. Ct. 792 (March 8, 2021). Defendants argue that in Uzuegbunam v. Preczewski the challenged act was rescinded, whereas here the Final Regulations are still effective. However, the fact that Defendants did not rescind the Final Regulations is irrelevant to the present inquiry. In fact, it only makes matters worse for Defendants.

Moreover, whether nominal damages would establish standing for "prospective relief" is also irrelevant. Even if Uzuegbunam v. Preczewski does not impact standing for "prospective relief (as Defendants contend), it would still establish the "redressability" prong for "retrospective"

relief.[1] Defendants last argument is that nominal damages are not available under the RFA. However, nothing in the RFA suggests that nominal damages cannot be a form of remedy. Defendants rely upon 5 U.S.C. §702 for the proposition that RFA challenges may not seek monetary relief. However, that statute is specific to the APA, not the RFA. The RFA's judicial review statute, 5 U.S.C. §611, does not contain any such qualification. Therefore, reconsideration is appropriate and amending the complaint would not be futile.

Respectfully submitted,

Date: May 11, 2021.

/s/ *Lawrence Marc Zell*

_____
Lawrence Marc Zell (DC Bar # 959437)
Noam Schreiber, *of counsel*
ZELL & ASSOCIATES INTERNATIONAL ADVOCATES LLC
1345 Ave. of the Americas,
2nd Floor,
New York, NY 10105
e-mail: mzell@fandz.com
*Counsel for Plaintiffs*

---

[1] Assuming, that is, that the retrospective/prospective distinction for relief under 5 U.S.C. §611 is correct.